THE SOUTHERN RAILWAY NEWS COMPANY *v.* RUSSELL.

1. The privilege of a witness not to give testimony tending in any manner to criminate himself continues, although a prosecution for the offence would, if commenced after the time of testifying, be barred by the statute of limitations, unless it affirmatively appears that no prosecution against him commenced in due time in any court having jurisdiction of the offence is then pending.

2. From the interrogatories propounded to the witness in the present case, it sufficiently appears, in view of the statute of Alabama, that truthful answers to the same might tend to criminate him; and this being so, the claim of privilege was properly allowed.
July 24, 1893.

Before Judge FISH.    Sumter county.    December 12, 1892.

FORT & WATSON, by brief, for plaintiff.

E. A. HAWKINS, for defendant.

SIMMONS, Justice.

It appears from the record that Russell had been a locomotive engineer on a railroad in Alabama, and that on one occasion, while so employed, he left the depot in Birmingham with his train, without orders to do so and leaving the conductor of the train behind; that after running several miles he discovered that the conductor was missing, and thereupon started to back the train towards the depot, first sending Davis, a news agent who was on the train, to the rear, to act as watchman for him.    While backing the train he came into collision with another train, and Davis was killed.    It seems that a suit was instituted against the railroad company, in the State of Missouri, for the homicide of Davis, and the plaintiff in that suit sued out a set of interrogatories for Russell.    Russell had in the meantime removed from Alabama to this State.    When the interrogatories were

presented to him he refused to answer, and this fact was reported to the judge of the superior court of the circuit wherein Russell resided, and the judge, under section 3885 of the code, required Russell to appear before him to show cause why he should not answer. Russell appeared, and in response to the rule stated that the answer to the interrogatories would tend to criminate him, under the laws of Alabama. The judge refused to compel him to answer, and the plaintiff in error excepted and brought the case here for review.

It was claimed on the part of Russell that his answers would tend to criminate him under the following section of the criminal code of Alabama (Code of 1886, §4110): "If from the negligence, carelessness or want of proper skill of any engineer or conductor having the control or management of any steam engine running on any railroad in this State, or any brakeman, the engine or cars are thrown off the track, or any other accident occurs, and the life of any human being is thereby endangered, such engineer, conductor or brakeman must, on conviction, be fined not less than five hundred nor more than two thousand dollars, and may also be imprisoned in the county jail or sentenced to hard labor for the county for not more than twelve months." The plaintiff in error insists that under section 3711 of the same code, which declares that "the prosecution of all misdemeanors before the circuit, city or county court, unless otherwise provided, must be commenced within twelve months next after commission of the offence," any prosecution of Russell under section 4110, above quoted, is barred, the offence punishable by that section being a misdemeanor and more than twelve months having elapsed since the homicide in question ; and therefore his answers could not tend to criminate him. We think it was not enough for the petitioner in the court below to show that the period of limitation prescribed by the

statute had elapsed, but that he should have gone further and shown affirmatively that no accusation had been preferred or no indictment found against Russell within that period in any court having jurisdiction of the offence, or that no prosecution was then pending. Until this is shown, the privilege of the witness continues and he cannot be compelled to answer any questions which would tend to criminate him under the statute. See Rapalje on Witnesses, p. 442 (ed. 1887), where it is said: " It is no answer to a witness's claim of privilege that the statute of limitations has run against the offence, unless it appears, affirmatively, that no proceedings to enforce a penalty were commenced within the period of limitation." If it is shown that the period of limitation has elapsed and no indictment or accusation was preferred within that period and none is pending, the witness cannot excuse himself on the ground that his answer would tend to criminate him.

2. Under section 4110 of the code of Alabama, above quoted, it sufficiently appears that the answers of the witness to the interrogatories propounded might tend to criminate him. The court was therefore right in refusing to compel him to answer.   *Judgment affirmed.*