## SLATE *v.* COGGINS.

No. 10746.   AUGUST 9, 1935.

*Noah J. Slone* and *W. O. Slate,* for plaintiff in error.

HUTCHESON, Justice.   In February, 1934, Mamie Louise Slate filed suit for divorce against George W. Slate, asking temporary

and permanent alimony and custody of their minor child. The divorce was granted, but the parties entered into an agreement as to the custody of the child, and in August, 1934, this agreement was made the judgment of the court. In November, 1934, George W. Slate filed his petition against his former wife (who had remarried), alleging misconduct on her part, and praying for a modification of the former order as to custody of the child. Answer was made, containing numerous counter allegations; and on January 18, 1935, the judge of Fulton superior court passed the following order: "Georgia Fulton County. All questions of custody of the minor child in this case are referred to the juvenile court of Fulton County, with full authority to conduct whatever investigation that may be necessary and make such award as the court thinks proper. Jan. 18, 1935." To this order the plaintiff excepted.

Two questions are presented in the instant case: (1) Was the judgment of the court in the divorce cause final, so as to preclude matters therein relating to custody of the child being again investigated? (2) Was it error for the judge to transfer the question of the custody of the minor child to the juvenile court of Fulton County? In *Shields* v. *Bodenhamer,* 180 *Ga.* 122 (178 S. E. 294), it was held that a decree of divorce in which the custody of a child is awarded to the mother is conclusive as between the parties to such decree, as to the right of the mother to the custody of the child, unless a change of circumstances affecting the welfare of the child is shown. See also *Alkinson* v. *Atkinson,* 160 *Ga.* 480 (2) (128 S. E. 765); *Gillens* v. *Gillens,* 148 *Ga.* 631 (97 S. E. 669).

In this case, as in others of like character, it is the duty of the court to investigate, whenever necessary, all matters looking to the welfare of the minor child or children involved. And we feel sure that it was for their protection and their welfare that the General Assembly of Georgia passed the act of 1915 (Ga. L. 1915, pp. 35-36; Code of 1933, § 24-2402(d)), as follows: "This chapter shall apply to every child under sixteen years of age, . . whose custody is the subject of controversy of any suit: Provided, however, that jurisdiction in such cases shall be vested in courts of record where the law now gives courts of record exclusive jurisdiction, and that said courts of record shall have concurrent jurisdiction in all other cases arising under this division of this section. The judge

of any court, except as above provided, in which there is pending any suit in which there is involved the question of the custody of any child, shall refer and transfer by proper order said question of custody to the juvenile court to be heard and determined by it." The petition and the answer in the case at bar present grave charges and allegations, and there can be no doubt that the judge of Fulton superior court recognized the ability and the machinery of the juvenile court of Fulton County in referring to its capable officials the matters to be investigated. The judge did not err in passing the order complained of.

*Judgment affirmed. All the Justices concur.*