OWENS *v.* OWENS.

GRICE, Justice. In a divorce suit involving the custody of a minor child, the judge of the superior court wherein said suit was pending ordered that the question of the custody of said child be referred to the juvenile court of Fulton County, for investigation and determination as to the proper person to whom should be awarded such custody, and to make a finding accordingly. At the trial of this issue before the judge of the juvenile court, the plaintiff in error, the mother, filed a plea to the jurisdiction, in which it was asserted that the superior court in which the divorce suit was pending had sole jurisdiction to determine the custody, but did not attack as unconstitutional the provisions of section 24-2402 of the Code, which, so far as pertinent, declares as follows: "This chapter shall apply to every child under sixteen years of age, . . whose custody is the subject of controversy of any suit: provided, however, that jurisdiction in such cases shall be vested in courts of record where the law now gives courts of record exclusive jurisdiction, and that said courts of record shall have concurrent jurisdiction in all other cases arising under this division of this section. The judge of any court, except as above provided, in which there is pending any suit in which there is involved the question of the custody of any child, shall refer and transfer by proper order said question of custody to the juvenile court to be heard and determined by it." The judge of the juvenile court having awarded the custody of the child to the father, it was not error to refuse a certiorari, on the authority of *Slate* v. *Coggins*. 181 *Ga.* 17 (181 S. E. 145), the only assignment of error argued in the brief of counsel for plaintiff in error relating to the plea to the jurisdiction. *Judgment affirmed. All the Justices concur.*

No. 13596. FEBRUARY 12, 1941.

*John H. Payne,* for plaintiff.   *R. B. Giles,* for defendant.