BROOKS *v.* THOMAS *et al.*

No. 14031.   MARCH 14, 1942.   REHEARING DENIED MARCH 30, 1942.

*Fine & Hendrix,* for plaintiff.    *William A. Fuller,* for defendants.

DUCKWORTH, Justice.  ■  A decree in a divorce case awarding custody of a child is conclusive as between the parties to such de-

cree, unless a change of circumstances affecting the welfare of the child is shown. *Williams* v. *Crosby,* 118 *Ga.* 296 (2) (45 S. E. 282); *Milner* v. *Gatlin,* 139 *Ga.* 109 (76 S. E. 860); *Shields* v. *Bodenhamer,* 180 *Ga.* 122 (178 S. E. 294). The judge was authorized to find that the evidence in the instant case failed to show a change of circumstances affecting the welfare of the child. It is urged that the fact that the child lived in the home of his aunt, and not with his father, showed that the father had breached his contract with reference to the care and custody of the child, and amounted to a change in circumstances. The child was about three years of age at the time he was awarded to the custody of his father. At this tender age the child required more attention than the father, who maintained no home of his own, could give the child in a boarding-house. The father therefore arranged with his sister to take the child in her home and care for him, the father paying his expenses. There is no evidence that the father in making this arrangement relinquished to his sister his right to parental control and custody of the child. Instead of showing a change of circumstances since the divorce, these facts show that the circumstances of the father at the time of the divorce were such as to require him to take some such action as he did take in order to insure that the child received proper care and attention. It may also be noted that the child was under the care of his aunt at the time the supplemental agreement between the parties respecting his custody was approved by the court.

■ The plaintiff excepted pendente lite to an order of the court refusing to allow her to show that she is now in a position to provide a home for the child. Under the circumstances of this case this ruling was not error. The agreement of the parties, which was made the decree of the court at the time of the divorce, discloses that the parties anticipated that the mother might become able to provide a home for the child. It was provided that the father should have full custody until the mother should become able to take care of and maintain the child, at which time she should have custody of the child from June 1 to September 1 of each year, if she so desired. It is not contended that the mother has not been accorded custody during the stipulated months of each year since she became able to provide for him. The purpose of this action is to deprive the father of custody during the remainder of the year.

Since the decree anticipated that the mother might thereafter become able to provide a home for the child, and awarded custody accordingly, the fact that the mother did become able to provide a home for the child can not be said to constitute a change of circumstances authorizing the court to open and modify the former decree between the parties. This fact was therefore irrelevant upon the trial of this issue. On the question whether or not the fact that one parent has improved his ability to care for a child will in any event authorize the court to open the former decree and take the child from the other parent, in the absence of evidence that the latter has for some reason become an improper person to have the custody, see *Kirkland* v. *Canty,* 122 *Ga.* 261 (50 S. E. 90); *Sells* v. *Sells,* 172 *Ga.* 911 (159 S. E. 237); *Shields* v. *Bodenhamer,* supra; *Milner* v. *Gatlin,* 143 *Ga.* 816 (4) (85 S. E. 1045, L. R. A. 1916B, 977); *Oetter* v. *Oetter,* 150 *Ga.* 118 (102 S. E. 818).

The plaintiff excepted pendente lite to the ruling of the court refusing, on her motion, to exclude all parties litigant from the court-room while the child involved was testifying. The plaintiff cites, to support her position, *Willingham* v. *Willingham,* 192 *Ga.* 405 (2) (15 S. E. 2d, 514), where, in a case of this character, it was held not to be an abuse of discretion for the judge to exclude the parties while the children were testifying. While the judge may in his discretion exclude the parties in such a case, he is not required to do so, as a matter of law. The judge did not abuse this discretion in refusing to exclude the parties, or in remanding the child to the custody of the father.

*Judgment affirmed. All the Justices concur.*