FORTSON *v.* FORTSON.

No. 14841.   MAY 8, 1944.

*Fraser & Irwin,* for plaintiff.   *Bond Almand,* for defendant.

ATKINSON, Justice.   (After stating the foregoing facts.)   Where an order or decree has been entered, awarding the custody of minor children to one of the contesting parents, such judgment is binding and conclusive between the parties, unless a change of circumstances affecting the welfare of the children is made to appear. *Brooks* v. *Thomas,* 193 *Ga.* 696 (19 S. E. 2d, 497) ; *Jordan* v. *Jordan,* 195 *Ga.* 771 (2) (25 S. E. 2d, 500), and cit.   In the instant case, the father by cross-petition in responding to a rule for contempt, charged that the children, subsequently to the former trial, had been continuously neglected by their mother; that she was unfitted and unsuited to have the custody of the children; that the manner and conditions under which the children were living were detrimental to the health and welfare of the children; that, upon a thorough investigation, it would be determined for the best interest of the children to take them from the custody of the mother and place them in the custody of someone who could properly look after them.   In view of the allegations as a whole in the cross-petition, we think it could be said that they presented ,an insistence that there had been a change of circumstances affecting the welfare of the children.   Accordingly, the trial judge did not err in overruling the oral motion to strike the cross-petition of the defendant,

upon the ground that insufficient facts were alleged to authorize the relief prayed.

On a previous application of the father for a change of custody, the trial judge passed an order which stated in part: "The evidence, in the opinion of the court, is not sufficient to justify the setting aside or modification of the decree of May 8, 1941; and the defendant's prayer that permanent custody of the children be awarded to him is, at this time, denied. It is the order of this court that the restraining order be continued in so far only as it restrains the defendant from taking permanent custody of the children, it being the opinion of the court that the decree of May 8, 1941, with reference to the custody of the children, should, as of the present, remain in full force and effect." In dealing with the question as to changed conditions, this court on a former hearing said: "The evidence is rather voluminous, and need not be quoted. All of it has been carefully considered, although only the gist of it has been stated. While it was very strong for the defendant as to present conditions, there was nevertheless a material conflict. At any rate, it can not be said that a finding for the defendant was demanded as a matter of law, on the issue as to change in circumstances." *Fortson* v. *Fortson,* 195 *Ga.* 758 (supra). In *Slate* v. *Coggins,* 181 *Ga.* 17 (181 S. E. 145), it was held: "A decree of divorce in a case in which the custody of a minor child is involved, awarding the child to one party or the other, is final, except where a change of circumstances is shown. Where such change is alleged, it is not error for the judge of the superior court to transfer the investigation thus called for to the juvenile court for investigation." See also *Owens* v. *Owens,* 191 *Ga.* 568 (13 S. E. 2d, 348). On the trial of the case at bar, while the evidence was substantially the same as on the previous hearing, the additional testimony that the living conditions and conduct of the children were much worse than as shown upon the former trial, was sufficient to authorize the judge of the superior court to transfer the investigation to the juvenile court, in accordance with the provisions of the Code, § 24-2402 (d).   *Judgment affirmed.   All the Justices concur.*