ELDERS *v.* ELDERS.

No. 16869.  JANUARY 9, 1950.

*C. L. Cowart,* for plaintiff in error.

*R. L. Dawson,* contra.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) When the parents of these two minor girls were di-

vorced in 1947, the court awarded custody to the father. The law of res judicata applies in such cases; and when that award was made, the court may thereafter exercise a discretion as to the custody of the children only in so far as there may be new and material conditions and circumstances substantially affecting the interest and welfare of the children. *Willingham* v. *Willingham,* 192 *Ga.* 405 (15 S. E. 2d, 514); *Brooks* v. *Thomas,* 193 *Ga.* 696 (19 S. E. 2d, 497); *Jordan* v. *Jordan,* 195 *Ga.* 771 (25 S. E. 2d, 500); *Fuller* v. *Fuller,* 197 *Ga.* 719 (30 S. E. 2d, 600); *Fortson* v. *Fortson,* 197 *Ga.* 699 (30 S. E. 2d, 165). The main question to consider, on the petition based upon such new conditions, is the interest and welfare of the children. Code, §§ 30-127, 74-107, *McDowell* v. *Gould,* 166 *Ga.* 670 (144 S. E. 206). Thus, in such a case, the judge must find two things: (a) that there has been a change in conditions affecting the children, and (b) that the welfare of the minors requires a modification of the original judgment. These findings must be made from the evidence produced and by the exercise of sound discretion.

There has been no legal definition of the new or changed condition necessary to warrant a change of custody, but it must be such as substantially affects the welfare of the minors. Although the judge is given wide discretion in such cases, nevertheless, he is restricted to the evidence, and hence he is unauthorized to change custody where there is no evidence to show new and material conditions that thus affect the welfare of the children. We do not understand this rule to mean that the court will or can dictate minor policies and practices of the parent having custody, even though the court might be of the opinion that they are not the best for the child's training.

There is quite an interesting and no doubt wise discussion in *Fuller* v. *Fuller,* 197 *Ga.* 719, 725 (supra), which strongly disapproves of the parent talking to the children about the other parent in an uncomplimentary manner even though it be true, but that was obiter and did not constitute a ruling of this court.

Opinion evidence was offered to the effect that these minors were not properly supervised as to sanitation, but this was so completely overwhelmed by those in position to know until the trial judge obviously discredited it, for he expressly placed his judgment upon the admission of the father that he told the chil-

dren that their mother was immoral and that she did not love them. The testimony of the father in that connection shows that he did this with no malicious intent, but because he believed it the proper way to handle a bad situation. He said that he had never taught them to disrespect their mother, that he knew that there was talk in the community about their mother, and knew that they would hear it; and that for this reason alone he told them rather than have them hear it from others. Whether or not his decision was wise is debatable, for there are strong arguments on both sides of that question. Nevertheless, it was an act of a father doing what he thought was best, and he should not be deprived of the custody of the children because of it.

The original decree awarding custody to the father was conclusive proof that he was entitled to continued custody, unless it appeared that new and material conditions affecting the interest and welfare of the minors had arisen since the rendition of that decree. *Fortson* v. *Fortson,* supra. The evidence here does not show such new and material conditions.

In rendering this decision we realize that the law empowers the trial judge and not the Justices of the Supreme Court to exercise a sound discretion in such cases, but this court is required to exercise sound judgment in reviewing the trial judge, and to reverse his judgment if there has been an abuse of discretion. There was no claim that the mother's condition had improved. On the contrary, it was shown and not denied that the mother worked sometimes at night; that her sister with a general bad reputation for sobriety and chastity lived with her and their mother. Undoubtedly this condition cannot be beneficial to the children. The conditions of the judge's order indicate his concern about the circumstances. We therefore must hold that it was an abuse of discretion to award custody to the mother, and deprive the father of his rights under the original judgment when he was guilty of no wrong, and was taking good care of the children. *Judgment reversed. All the Justices concur.*