CARNEY v. FRANKLIN.

WYATT, Justice. 1. The trial court refused to admit in evidence the record of a conviction of the father for abandonment of the child prior to the original divorce decree. "Since, on an inquiry as to the custody of a child after a previous divorce decree, only evidence showing a change of conditions would be material, evidence as to former finances, alleged misconduct, or character and temperament, all existing before the decree, ordinarily would be incompetent." *Kniepkamp* v. *Richards*, 192 *Ga.* 509, 521 (8) (16 S. E. 2d, 24). It follows that there was no error in excluding this evidence.

2. It is contended that the judgment modifying the original decree awarding exclusive custody to the mother was erroneous for the reason that there was no evidence sufficient to authorize the modification. The evidence simply showed that the mother of the child allowed it to visit its grandmother on weekends. This was not, of course, sufficient to support the allegations of abandonment. There was evidence to the effect that both the father and the mother had remarried, and that the father now maintained a home in which he could care for the child. "In the present case the only changes of circumstance shown by the petition were that each of the parents had married again, that the child has advanced from three to eight years of age, and that the plaintiff and his present wife maintain a home into which they could receive the child, and in which it could have the companionship of a child born to the plaintiff and his present wife. None of these facts would constitute such a change of conditions affecting the welfare of the child, whose custody had been awarded to the mother, as would authorize an

40

opening or modification of that judgment." *Shields* v. *Bodenhamer*, 180 *Ga.* 122 (178 S. E 294). See also *Kirkland* v. *Canty*, 122 *Ga.* 261 (50 S. E. 91); *Sells* v. *Sells*, 172 *Ga.* 911 (159 S. E. 237); *Milner* v. *Gatlin*, 143 *Ga.* 816 (85 S. E. 1045); *Oetter* v. *Oetter*, 150 *Ga.* 118 (102 S. E. 818). "A decree in a divorce case awarding custody of a child is conclusive as between the parties to such decree, unless a change of circumstances affecting the welfare of the child is shown." *Brooks* v. *Thomas*, 193 *Ga.* 696 (19 S. E. 2d, 497). See *Fuller* v. *Fuller*, 197 *Ga.* 719, 722 (2) (30 S. E. 2d, 600), and cases there cited. Under the ruling above made, the only evidence left upon which the judgment modifying the original decree could have been based was an affidavit dated October, 1948. It was a year before the hearing, signed by a school girl 12 or 13 years of age at the time, in which she testified: "I live on High Street and see H. L. Franklin Jr., who has been with his grandparents since Dorothy remarried. So far as I know, she has never had it in her new home. The child is neglected, allowed in the streets and gets little or none of the care that should be given a small child. In my opinion the home environment could be greatly improved." This evidence having been offered in the form of an affidavit, the witness was, of course, not subject to cross-examination. The affidavit was made a year before the hearing. The statements made were pure conclusions, and the conclusions given were not corroborated in any particular, and no effort was made to corroborate them, notwithstanding the fact that there must have been many people living in the community who would have known whether there were any facts that would in any way corroborate the conclusions of this witness. We hold that this character of evidence is simply not sufficient to set aside a solemn decree of court. It follows that the judgment under review was error.

*Judgment reversed. All the Justices concur.*

No. 17119. June 13, 1950.

*E. C. Brannon,* for plaintiff in error.
*Irwin R. Kimzey* and *Kimzey & Kimzey,* contra.