### HERRING *v.* HERRING.

DUCKWORTH, Chief Justice. 1. This case is controlled adversely to the plaintiff in error by *Slate* v. *Coggins,* 181 *Ga.* 17 (181 S. E. 145). In both cases the petitions seek modification of previous judgments in divorce proceedings awarding custody of minor children upon alleged changes in conditions since the judgments and pray for custody of the children. While in *Bowers* v. *Bowers,* 205 *Ga.* 761 (55 S. E. 2d, 152), it was held that such previous judgment was a final adjudication as to the facts then existing, and that subsequently occurring facts would not warrant a modification of that judgment (*Richards* v. *McHan,* 139 *Ga.* 37 (3), 76 S. E. 382), yet it was held that the petition there, alleging a change of circumstances affecting the welfare of the children and not seeking modification of the original judgment in respect to the facts on which it was based, and praying for custody, was not subject to demurrer.

2. Nor is the criticism of that portion of the judgment transferring the case to the Juvenile Court of Bibb County for decision meritorious. *Slate* v. *Coggins,* supra; *Owens* v. *Owens,* 191 *Ga.* 568 (13 S. E. 2d, 348); *Fortson* v. *Fortson,* 197 *Ga.* 699 (30 S. E. 2d, 165).

3. While the petition here failed to pray for process and might have been subject to the attack upon that ground, yet the defendant waived this defect by pleading to the merits by filing demurrers thereto. Code, § 81-209; *Savannah, Fla. &c. Ry. Co.* v. *Atkinson,* 94 *Ga.* 780 (21 S. E. 1010); *Dykes* v. *Jones,* 129 *Ga.* 99 (58 S. E. 645); *Emmett* v. *Dekle,* 132 *Ga.* 593 (64 S. E. 682).

4. The amended petition was not subject to the demurrers and the court did not err in overruling the same.

*Judgment affirmed. All the Justices concur.*

No. 17476. SUBMITTED MAY 14, 1951—DECIDED JUNE 11, 1951.

*Thomas W. Johnson,* for plaintiff in error.
*Bell & Bell,* contra.