## BLACKSTOCK *v.* BLACKSTOCK.

DUCKWORTH, Chief Justice. 1. After a hearing, judgment was rendered, denying the mother's application based upon alleged changed conditions affecting the welfare of the minor child whose custody was awarded to the father when a divorce was granted, and she excepts thereto. While proof of changed conditions and that the child's welfare will be protected by changing custody will authorize a judgment to that effect (*Willingham* v. *Willingham*, 192 *Ga.* 405, 15 S. E. 2d, 514; *Brooks* v. *Thomas*, 193 *Ga.* 696, 19 S. E. 2d, 497; *Fortson* v. *Fortson*, 195 *Ga.* 750, 25 S. E. 2d, 518; *Elders* v. *Elders*, 206 *Ga.* 297, 57 S. E. 2d, 83), yet, where the evidence does not demand a finding to that effect, the matter is left to the discretion of the trial judge. The evidence here shows no materially different condition, and certainly fails to show any change that adversely affects the welfare of the child. It follows that the judgment refusing to change the custody must be affirmed.
2. While there is serious doubt if the assignment of error on the ruling allowing defendant's counsel on cross-examination of plaintiff to interrogate her concerning the relationship of the husband's mother to the child before the divorce decree, and also doubt if the record touching that matter is properly authenticated, we do not undertake to resolve those questions, since obviously the testimony complained of was not hurtful to the complainant.

*Judgment affirmed. All the Justices concur.*

No. 17759. SUBMITTED FEBRUARY 12, 1952—DECIDED MARCH 12, 1952—
REHEARING DENIED MARCH 25, 1952.

*J. C. Bowden* and *A. G. Smith,* for plaintiff.
*Boyd & Reeves,* for defendant.