## POPE *v.* POPE.

No. 17928. Argued July 14, 1952—Decided September 2, 1952.

*R. L. LeSueur,* for plaintiff in error.

*J. Frank Myers* and *H. B. Williams,* contra.

WYATT, Justice. The question for decision is whether there had been such a change of conditions and circumstances since

the order of February 21, 1952, fixing the custody of the minor child as to justify the trial judge in entering a revision of such order. There was no contention that the father was an unfit person to have the custody of his child during the visitation periods, but the mother contended that the child was suffering a serious nervous disorder which made it essential that she not be emotionally or physically upset.

The original consent judgment stated that, after the child reached the age of two years, then the father would have the right to have her visit with him at reasonable times. Nevertheless, for a period of approximately 18 months after the child became two years old, during which there was much litigation, the father was only permitted to have his child visit with him on the afternoons of February 23 and March 1, 1952. The uncontradicted evidence shows that on each of these occasions the child, after arriving at her father's home, enjoyed looking at television and playing with other children. It would be natural for a three and a half year old child, who had lived practically its entire life with elderly ladies, in a home where there were no men folks and where there were no children to play with, to return from such visits tired and exhausted.

The evidence was conflicting on the question of whether the child went with her father willingly, but taking the testimony of the mother's witnesses to be true, which must be done since the trial judge found in her favor, the child was afraid, prior to the order of February 21, 1952, to go anywhere unless accompanied by her 80-year-old maternal grandmother. The fears of the mother that a continuance of the visitations would have a permanent and damaging effect on the child's health were not supported by her only expert witness, who testified in effect that the kidney ailment was not serious, and that he knew of no reason why it would not be to the best interest of the child for the father to visit with her occasionally.

Furthermore, the uncontroverted evidence shows that the child had been suffering from the nervous disorder, which was the primary cause of her being emotionally or physically upset, prior to the order of February 21, 1952.

Accordingly, the evidence failed to show any substantial change of conditions and circumstances, and the trial judge

330

erred in modifying the prior orders so as to deprive the father of seeing his child for a period of twelve months. *Lockhart* v. *Lockhart*, 173 *Ga.* 846 (3) (162 S. E. 129); *Peeples* v. *Newman*, 208 *Ga.* 53 (2) (70 S. E. 2d, 749); and cases cited.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., and Almand, J., not participating.*