HAMMOCK *et al.* v. HAMMOCK.

HAWKINS, Justice. The exception is to a judgment sustaining a general demurrer to a petition filed by the husband, and the paternal grandfather of minor children, within thirty days after a judgment granting a divorce and awarding custody of minor children to the wife. The petition seeks to modify the judgment as to custody, but contains no approved brief of evidence, it being insisted that the sufficiency of the evidence adduced at the divorce trial is not involved. The petition to modify alleged that the mother was not a proper person to have custody; that, prior to the decree of divorce, she by oral agreement relinquished custody to the paternal grandfather; and that she obtained the decree of divorce without notifying him of any intention of getting the children. *Held:*

Where a petition for divorce alleged that there were minor children, naming them, and that the petitioner desired to have their custody, it was not necessary that such petition contain a specific prayer for custody. Code, § 30-127; *Mills* v. *Mills*, 150 *Ga.* 782 (3) (105 S. E. 357). The law presumes that the evidence showed that the mother was a proper person to have custody. To constitute sufficient grounds to modify that judgment, the petition should contain an approved brief of the evidence, rebutting this presumption. In the absence of such a brief, no grounds for modification were alleged, and the trial court did not err in sustaining the general demurrer, and in dismissing the petition to modify. *Purser* v. *Purser*, 207 *Ga.* 335 (61 S. E. 2d, 503), and cases cited.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18123. SUBMITTED FEBRUARY 10, 1953—DECIDED FEBRUARY 24, 1953.

*Clark Ray* and *Fraser & Shelfer*, for plaintiffs in error.
*Brackett & Brackett* and *R. B. Pullen*, contra.