## HICKS *v.* BUFFINGTON.

DUCKWORTH, Chief Justice. 1. Where, as here, in a hearing of a father's petition for modification of a custody decree awarding the minor children to the mother, the evidence was conflicting, it can not be said as a matter of law that the trial judge abused his discretion in making the award giving the mother custody for nine months while school is in session and the father custody for the other three months. *Fortson v. Fortson,* 195 *Ga.* 750 (25 S. E. 2d, 518); *Elders* v. *Elders,* 206 *Ga.* 297 (57 S. E. 2d, 83); *Blackstock* v. *Blackstock,* 208 *Ga.* 837 (69 S. E. 2d, 770). While there was strong evidence indicating a change in conditions which would have authorized the award of the children to the father, there was other evidence to the contrary, and the court did not err in rendering the judgment complained of here.

2. The original decree requiring the plaintiff in error to pay alimony on the basis of $15 per week, he can not be heard to complain here of error committed by the court in suspending these payments when the child is in his custody, since he is materially benefited rather than harmed thereby. See *Reeves* v. *Lancaster,* 159 *Ga.* 540 (126 S. E. 480); *Lively* v. *Lively,* 206 *Ga.* 606 (58 S. E. 2d, 168).

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18137. SUBMITTED MARCH 9, 1953—DECIDED APRIL 13, 1953.

*Frank B. Stow* and *Robert E. Andrews,* for plaintiff in error.
*Brannon & Brannon,* contra.