## NORTH *v.* NORTH.

No. 18237.   ARGUED JUNE 8, 1953—DECIDED JULY 14, 1953.

884

*John E. Wiggins*, for plaintiff in error.

*Gleason & Painter*, contra.

WYATT, Justice. ■ The defendant contends that the bill of exceptions was not filed within twenty days from the date of the judgment complained of as required by Code (Ann.) § 6-902, and should therefore be dismissed. There is no merit in this contention. The record shows that the judgment on demurrer was rendered on February 14, 1953, and that the bill of exceptions was tendered to the judge on March 4, 1953, which was within twenty days of February 14, 1953.

■ It will be noticed that the only change in condition that is alleged in the petition is that petitioner has become engaged to marry a named man who works in Chillicothe, Ohio. All of the other alleged changes are not changes which have occurred, but are merely changes which are contemplated for the future. It is settled law in this State that the remarriage of a parent

alone is insufficient to authorize a modification of an award of custody of a minor child. *Carney* v. *Franklin*, 207 *Ga.* 39 (59 S. E. 2d, 909) ; *Shields* v. *Bodenhamer*, 180 *Ga.* 122 (178 S. E. 294). An engagement to marry would likewise be insufficient.

While the probabilities may be high that the alleged changes contemplated for the future will occur, it is by no means certain that they will. Events which might happen in the future, no matter how substantial they may be,.can not authorize a modification of a decree until they come to pass. Therefore the judgment of the court below dismissing the petition on general demurrer was not error.

■ It was not error to sustain the general demurrer to the so-called motion to vacate and set aside the judgment on the general demurrer to the petition. The motion in question does not complain of any defect appearing on the face of the record as required by Code §§ 110-701 and 110-702. It is merely an attempt to amend a petition that has already been dismissed on general demurrer. It follows, the judgment dismissing the motion on general demurrer was not error.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., and Head, J., not participating.*