## 18387. YOUNG *v.* YOUNG.

SUBMITTED OCTOBER 14, 1953—DECIDED NOVEMBER 9, 1953.

*Cohen Anderson, Geo. M. Johnston, E. J. Goodwin,* for plaintiff in error.

*W. G. Neville, W. J. Neville,* contra.

ALMAND, Justice. In a pending action brought by Veronica L. Young against Johnson Young for divorce, alimony, and custody of children, and a cross-action by the defendant praying that he be granted a divorce and that the prayers of the plaintiff for divorce and custody of the children be denied, and that he be awarded the custody of the minor children, the court, on June 27, 1953, passed an order awarding custody of the three youngest children to the defendant, and on July 16, 1953,

amended this order by allowing the children awarded to the defendant to visit their mother at certain times. On August 14, 1953, the plaintiff filed her petition, in which she prayed that the order awarding custody of the children to the defendant be amended so as to give the custody of Leo Young, age 12 years, to her. In this petition she alleged: that Leo Young, since being in the custody of the defendant, had lost considerable weight and was highly nervous, and cried at night to be with her; that said child does not complain to his father nor cry in his presence, because of fear he would be severely punished; that 'the plaintiff is in a highly nervous condition as the direct result of being unable to sleep and eat properly as the direct result of being away from the youngest son; and that said child is dissatisfied with staying with his father and prefers to stay with the plaintiff. When the petition to modify came on for a hearing, counsel for the defendant made an oral motion to dismiss the petition, on the grounds that it set out no cause of action, and that its allegations were insufficient to authorize a modification of the judgment. To the judgment sustaining this motion a bill of exceptions was sued out by the mother.

The facts alleged in the motion to modify the order granting the custody of the minor children to the defendant failed to show that there has been a sufficient change in the condition and circumstances since the custody of the minor child was awarded to the defendant, that affected the welfare of said child, to authorize the modification sought. Accordingly, the trial judge did not err in sustaining the motion to dismiss the petition to modify. *Shields* v. *Bodenhamer*, 180 *Ga.* 122 (178 S. E. 294); *Pope* v. *Pope*, 209 *Ga.* 326 (72 S. E. 2d 308).

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*