## 18394. Dodson v. Perkins, nee Dodson.

Candler, Justice. On the grant of a total divorce between the parties to this litigation, permanent and exclusive custody of their minor child was awarded to the father by a decree in Fulton County Superior Court. The mother subsequently filed a petition in DeKalb County Superior Court to open and modify the former decree, alleging as a ground therefor a change in circumstances affecting the welfare of the child. After a hearing, the court found from the evidence, and held accordingly, that there had been, since the first decree was rendered, no change in circumstances affecting such welfare. The mother did not

except. But, notwithstanding his finding that the evidence was insufficient to show any change in circumstances affecting the welfare of the child, the court nevertheless proceeded to modify the former decree in the following respect: "It is, however, the judgment of this court that said Mary Eliza Dodson, minor child of the parties, aged approximately four years, shall visit in the home of the child's maternal grandmother, at reasonable times, and occasions not incompatible with the welfare and best interest of said child, in event of the father and maternal grandmother of said child being unable to agree on the occasions of such visits, the court, upon proper showing, will fix the times for said visits. Plaintiff, the mother, shall have the right to be with said child on occasion of such visits." To this the father excepted and sued out a writ of error. *Held:*

The ruling complained of is erroneous. "A decree in a divorce case awarding custody of a child is conclusive as between the parties to such decree, unless a change of circumstances affecting the welfare of the child is shown." *Brooks* v. *Thomas,* 193 *Ga.* 696 (19 S. E. 2d 497). See *Williams* v. *Crosby,* 118 *Ga.* 296 (2) (45 S. E. 282); *Fuller* v. *Fuller,* 197 *Ga.* 719 (30 S. E. 2d 600); *Carney* v. *Franklin,* 207 *Ga.* 39 (59 S. E. 2d 909), and the cases there cited. Having found from the evidence that there had been no change in circumstances affecting the welfare of the minor child, it was error for the court to modify the final decree.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., not participating.*

ARGUED NOVEMBER 10, 1953—DECIDED JANUARY 11, 1954.

*Walker & Kilbride,* for plaintiff in error.
*Louise C. Busby,* contra.