## 18576. WILLIAMS *v.* VORHEES.

SUBMITTED MAY 10, 1954—DECIDED JUNE 14, 1954.

*Vincent P. McCauley,* for plaintiff in error.

ALMAND, Justice. The exceptions under review are to orders dismissing a petition on oral motion and refusing to vacate the order of dismissal and reinstate the case.

The case as made by the amended petition was substantially as follows: The plaintiff, Williams, on his petition was granted a divorce from his wife, the defendant, in Audrian County, Missouri, in 1952. The custody of their minor child was, on petition of Williams, in July, 1953, in the same Missouri court, awarded to the defendant, the mother, for the months of June, July, and August of each year, and to the father, the plaintiff, for the remaining nine months. The child came into the custody of the plaintiff pursuant to the order of the Missouri court in November, 1953, and is now in his possession. By reason of facts alleged in the petition, the defendant is not a fit and proper person to have the custody of the child, and the best interests of the child require that the plaintiff be given its full and permanent custody. It was alleged that the defendant was a nonresident of Georgia, residing in Huntsville, Missouri, and it was prayed that she be served by publication.

A rule nisi was issued by the court on the filing of the instant petition, requiring the defendant to show cause at a stated time in Columbus, Georgia, why the child should not be taken under the protection of the court and temporary custody awarded to the plaintiff, and that the defendant be served by publication. The bill of exceptions recites that service was made by publication of a notice in a named newspaper of December 15, 1953,

and that the defendant. acknowledged receipt of the notice by United States mail. When the rule nisi came on for a hearing, the defendant's counsel, without filing any pleadings, appeared and moved orally to dismiss the petition because no cause of action was set out. The trial court, in its order sustaining this motion, recited that, under the terms of the Missouri decree awarding the divided custody of the minor child to the parties, such court retained jurisdiction of the subject matter and "specifically retained jurisdiction over said child and provided that said child shall be and remain a resident of the State of Missouri, notwithstanding the child's temporary change of domicile." The plaintiff's motion to vacate the order of dismissal and to reinstate the case was overruled. Error is assigned upon both orders.

1. The plaintiff's present custody of the minor child is by virtue of the decree of the Missouri court, in a proceeding in which that court had jurisdiction of the subject matter, the plaintiff, the defendant, and the minor child. The courts of this State will therefore give full effect to the Missouri decree as it relates to the rights of the petitioner and the defendant to the custody of their child. *Beggs* v. *Beggs*, 208 *Ga.* 415 (2) (67 S. E. 2d 135). Under this decree, the defendant has the right to the custody of the child for three months in each year. Her right in this regard cannot be abrogated or annulled by the courts of this State, she being a nonresident and not before the courts of this State on personal service or by waiving the court's jurisdiction. *Adams* v. *Lamar*, 8 *Ga.* 83; *Milner* v. *Gatlin*, 139 *Ga.* 109 (2b) (76 S. E. 860). "In this equitable proceeding seeking to modify a decree awarding the custody of children, the forwarding by registered mail of a copy of the petition and ex parte order did not subject the nonresident defendant to the jurisdiction of the court." *Briggs* v. *Briggs,* 207 *Ga.* 614 (63 S. E. 2d 371). It appearing from the record in this case that the legal residence of the divorced mother and of the child was in the State of Missouri, the court in the instant case was without jurisdiction to try the new issue as to fitness of the mother with respect to the custody of the child. Compare *Stallings* v. *Bass,* 204 *Ga.* 3 (48 S. E. 2d 822).

2. The want of jurisdiction of the trial court appearing from the amended petition, the oral motion of the defendant to dis-

miss the same for failing to state a cause of action was properly sustained (*Gates* v. *Shaner*, 208 *Ga.* 454 (4), 67 S. E. 2d 569); and therefore it was not error to refuse to set aside the order of dismissal.

*Judgment affirmed. All the Justices concur.*