18616.   BARRENTINE *v.* BARRENTINE.

SUBMITTED JUNE 14, 1954—DECIDED JULY 13, 1954.

750

*Francis M. Rich, Jr.*, for plaintiff in error.

*John C. Bell, Bell & Bell*, contra.

ALMAND, Justice. Bettie June Principe Barrentine, on her cross-petition, was granted a total divorce from Derreck E. Barrentine. The court in its decree awarded the custody of the minor children to the mother, with the right of the father to visit them at reasonable times. The decree contained the following provision: "Jurisdiction of custody of children is retained with the right to change custody of same without or with notice and with or without change of conditions."

Where in a suit for divorce the court grants the custody of the children to one of the parties, the court's jurisdiction as to the custody of the minor children continues, and is not limited to the date of the decree. This is so whether the court does or does not make an express provision as to such continuing jurisdiction in its decree. Such order is a final adjudication of the children based on the facts as they existed at the time the decree was entered, and the fact that the decree provides that the order shall continue "until further order" does not deprive the decree of its finality. Such a decree is conclusive between the parties in the absence of a change in circumstances affecting the interest and welfare of the children. If facts and circumstances exist which materially affect the welfare of the child, occurring since the date of the award, the court in its discretion may change the custody. *Shields v. Bodenhamer*, 180 *Ga.* 122 (1) (178 S. E. 294); *Willingham v. Willingham*, 192 *Ga.* 405 (15 S. E. 2d 514); *Kniepkamp v. Richards*, 192 *Ga.* 509 (6a) (16 S. E. 2d 24); *Ponder v. Ponder*, 198 *Ga.* 781 (3) (32 S. E. 2d 801). Though the court in its final decree awarding the children to one parent provided that the same was "subject to such further order as the court may pass herein," such provision did not prevent the judge of another court from entertaining a habeas corpus proceeding on the part of the father upon the ground that a change of circumstances affecting the welfare of the child had occurred since the date of the award. *Hanson v. Stegall*, 208 *Ga.* 403 (67 S. E. 2d 109). Where the custody of a minor child is awarded to the mother, she has such a personal interest in the decree that

her rights thereunder cannot be modified or abrogated without notice and an opportunity to be heard. *Williams* v. *Vorhees,* 210 *Ga.* 715 (82 S. E. 2d 497). In such circumstances the court could not modify or change the previous award unless it appears from legal evidence that there has been a change of circumstances which affected the interest and welfare of the child, occurring subsequently to the date of the award. In such a case, "the judge must find two things: (a) that there has been a change in conditions affecting the children, and (b) that the welfare of the minors requires a modification of the original judgment. These findings must be made from the evidence produced and by the exercise of sound discretion." *Elders* v. *Elders,* 206 *Ga.* 297, 299 (57 S. E. 2d 83). See also *Carney* v. *Franklin,* 207 *Ga.* 39 (59 S. E. 2d 909).

It follows from what has been said above that the court erred in including the following provision in the final decree, viz., "without or with notice and with or without change of conditions." The judgment of the trial court will be affirmed, with direction that, on return of the remittitur from this court, the trial court strike from its decree the words last quoted.

*Judgment affirmed with direction. All the Justices concur.*