19005. HOLMES *v.* HOLMES.

ARGUED JULY 11, 1955—DECIDED SEPTEMBER 16, 1955.

828

*A. J. Whitehurst*, for plaintiff in error.

*Robert E. Cheshire, Bob Humphreys*, contra.

HEAD, Justice. A decree of divorce in which the custody of a child or children is awarded to one of the parents is conclusive as between the parties to the decree as to the right of that parent to the custody of the child or children, unless a change of circumstances materially affecting the interest and welfare of the child or children is shown to have arisen since the date of the decree. *Williams* v. *Crosby*, 118 *Ga.* 296 (45 S. E. 282); *Kniepkamp* v. *Richards*, 192 *Ga.* 509, 519 (16 S. E. 2d 24); *Brooks* v. *Thomas*, 193 *Ga.* 696 (19 S. E. 2d 497); *Fortson* v. *Fortson*, 195 *Ga.* 750 (25 S. E. 2d 518); *Fuller* v. *Fuller*, 197 *Ga.* 719 (30 S. E. 2d 600); *Waller* v. *Waller*, 202 *Ga.* 535, 538 (43 S. E. 2d 535); *Madison* v. *Montgomery*, 206 *Ga.* 199 (56 S. E. 2d 292); *Elders* v. *Elders*, 206 *Ga.* 297, 299 (57 S. E. 2d 83); *Herring* v. *Herring*, 208 *Ga.* 146 (65 S. E. 2d 584); *Hanson* v. *Stegall*, 208 *Ga.* 403 (67 S. E. 2d 109); *Dodson* v. *Perkins*, 210 *Ga.* 302 (79 S. E. 2d 807); *Barrentine* v. *Barrentine*, 210 *Ga.* 749, 750 (82 S: E. 2d 857).

It appears from the record that the original decree awarding custody of the two minor children to the mother was based upon an agreement of the parties. This fact "did not deprive it of the usual attribute of conclusiveness." *Fortson* v. *Fortson*, supra.

The allegation of the petition to the effect that since the date of the former decree the defendant "has become unfit morally, mentally and temperamentally, for the further control and custody" of the minor children of the parties, was attacked by special demurrer, on the ground that it was a conclusion of the pleader with no facts alleged to show how or in what respect the defendant had become unfit for the further custody and control of the children.

The failure of the court to sustain this ground of special demurrer was error. It is the rule that the plaintiff's petition shall "plainly, fully and distinctly" set forth the cause of action upon which the plaintiff relies. Code § 81-101. A charge that a mother has become "unfit morally, mentally and temperamentally" for the custody of minor children, standing alone, and with no allegation of fact to support the charge, is nothing more than a conclusion, and·should be stricken when attacked by an appropriate special demurrer, in the absence of a timely amendment. The other grounds of special demurrer are without merit.

In the present case, from the allegations of the petition not specially demurred to, it appears that the mother has subleased her place of abode, that she does not maintain any permanent place of residence, that she has not kept the children in school, and that she has voluntarily surrendered actual custody of the children.

Whether or not these allegations may be established by competent evidence is not now before this court. It can not be held as a matter of law, however, that the petition fails to allege circumstances materially affecting the interest and welfare of the minor children, arising since the date of the former decree.

*Judgment affirmed in part and reversed in part. All the Justices concur.*