## 19180. OVERBY *v.* VERNER.

HAWKINS, Justice. In the present case the mother of a minor child brought habeas corpus proceedings to obtain the custody of the child from the father. The mother, in January, 1955, had been awarded custody in a divorce action between the parents. In answer to the habeas corpus petition, the father alleges that the mother had become unfit to have the care of the child since the date of the divorce decree. After hearing evidence, the trial judge denied the writ of habeas corpus, and ordered "that the petitioner, Mrs. Blanche Verner Overby, shall have the right of visitation of said minor, at any reasonable time, without the presence of Frank Overby, and the privilege of removing Larry Verner [the child] from the jurisdiction of this court is denied." The exception is to this judgment. It is also contended in the bill of exceptions that "the court erred in hearing and considering evidence of the fitness of plaintiff in error antedating the rendition of the divorce decree awarding custody of the minor children to plaintiff in error."

Counsel for the defendant in error, in his brief, and in the oral argument, objects to the brief of evidence appearing in the record as being incomplete and inconsistent with the transcript of evidence on file in the trial court. *Held:*

1. An assignment of error in a bill of exceptions to a ruling of the court in admitting evidence, over objection, is insufficient where the evidence is not set out either literally or in substance, and where it does not appear what objection, if any, was urged to the admissibility of the evidence before the judge at the time of the ruling complained of. *Hassell & Powell* v. *Woodstock Iron Works,* 137 *Ga.* 636 (1) (73 S. E. 1052); *Georgia & Florida Ry. Co.* v. *Stapleton,* 143 *Ga.* 46 (84 S. E. 120); *Williams* v. *State,* 206 *Ga.* 499 (57 S. E. 2d 610).

2. The brief of evidence attached to the bill of exceptions in this case bears a certificate of the trial judge dated October 19, 1955, reciting "it being shown that counsel for defendant in error has been notified as provided by section 24-3364 of the Georgia Code, Ann., as amended, same is hereby approved as correct." The better practice would have been for counsel for the defendant in error to have then and there voiced his objections to the brief of evidence in the trial court. Rule 7 of this court provides that "Objections . . . to the transcript of the record must be made in writing and presented to the court when, or before the case is called for argument." 209 *Ga.* 948. Such objections should be in the form of a motion, instead of in the brief, so that the motion might become a part of the permanent record in this court. However, this court has called to the attention of the clerk of the trial court the suggested diminution of the record, and has received from him the following certificate: "In compliance with an order directed to the undersigned, dated

January 13, 1956, and received in this office on January 14, 1956, I, T. W. McClendon, Clerk of Haralson Superior Court, hereby certify that the testimony referred to in said order was not on file, properly approved on that date."

3. "A decree in a divorce case awarding custody of a child is conclusive as between the parties to such decree, unless a change of circumstances affecting the welfare of the child is shown." *Brooks* v. *Thomas,* 193 *Ga.* 696, 697 (1) (19 S. E. 2d 497); *Dodson* v. *Perkins,* 210 *Ga.* 302 (79 S. E. 2d 807). And "There having been an award of the custody of the children to the mother in the divorce proceedings, the father could not prevail in this habeas corpus proceeding unless there had been a change in condition since the rendition of the judgment awarding custody to her." *Watson* v. *Padgett,* 202 *Ga.* 606, 607 (44 S. E. 2d 232). In the instant habeas corpus proceeding by a mother against a father, to obtain the custody of a child awarded to the mother in a decree of divorce, the evidence appearing in the record before this court failed to show such a change of circumstances affecting the welfare of the child since the original award of custody to the mother as would authorize a change in custody, and the trial judge erred in denying the writ.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 9, 1956—DECIDED FEBRUARY 13, 1956—
REHEARING DENIED FEBRUARY 29, 1956.

*Robert M. Eskew,* for plaintiff in error.
*Russell O. Clay,* contra.