## 19467. PERRY v. PERRY.

CANDLER, Justice. The marriage between Frank Harris Perry and Virginia L. Perry was dissolved by divorce on June 23, 1954. Custody of their minor son was awarded to the mother with specified visitation rights in the father. The custody judgment recites: "This court during the entire minority and dependency of the said Frank Harris Perry, Junior, specifically reserves its jurisdiction as to said named minor, and upon good cause shown can alter or change or amend the existing status of the custody of the said named minor as set out in this judgment and decree. . . . The said Frank Harris Perry, Junior, is not to be removed from the jurisdiction of this court without a written order allowing and permitting the removal of said named minor." There was no exception to the divorce judgment or to the judgment fixing custody of the child. In the same case and on June 7, 1956, the father filed an application to modify or amend the custody judgment, alleging as ground therefor that his physical and mental condition has materially improved since the custody judgment was rendered, and that his son was in need of fatherly care. He prayed for a rule nisi requiring the plaintiff (the mother) to show cause on a date and at a place to be fixed by the court why the custody judgment of July 22, 1954, should not be modified so as to enlarge the applicant's visitation rights. However, the applicant did not pray for process. The mother made a motion to dismiss the application on the ground that the court was without jurisdiction to modify or amend the final judgment fixing custody. She also demurred to it generally on the ground that it stated no cause of action for the relief sought. The court overruled both the motion to dismiss and the demurrer. The mother excepted. *Held:*

1. A judgment fixing the custody of a minor child of divorced parents is a final one on the facts then existing, and any attempt by the trial judge

to retain jurisdiction of the child is a nullity. *Anthony* v. *Anthony*, 212 *Ga.* 356 (92 S. E. 2d 857), and citations.

2. When a divorce is granted between the parents of a minor child, it is well settled by numerous decisions of this court that a judgment fixing custody of the child is conclusive between the parties, and the principle of res judicata is applicable, unless a material change of circumstances substantially affecting the welfare and best interest of the child is shown.' *Handley* v. *Handley*, 204 *Ga.* 57 (48 S. E. 2d 827); *Madison* v. *Montgomery*, 206 *Ga.* 199 (56 S. E. 2d 292); *Gibbs* v. *North*, 211 *Ga.* 231 (84 S. E. 2d 833). But where there has been a material change of circumstances substantially affecting the welfare and best interest of a child whose custody has been previously fixed by a final judgment, an independent proceeding may be instituted for a new custody judgment. *Danziger* v. *Shoob*, 203 *Ga.* 623 (48 S. E. 2d 92). In *Richards* v. *McHan*, 139 *Ga.* 37 (76 S. E. 382), this court unanimously held that, after the adjournment of the term during which it was rendered, a judgment fixing custody of a child could not be amended on the merits of the cause by reason of facts or conditions subsequently transpiring. There it was said (p. 40): "If the grandmother desires to contest with the father his right to the possession of his child because of matters transpiring since the judgment, she has her remedy, but that remedy is not by petition to amend the judgment." Since the *Richards* case was decided in 1912, this court has in several cases held, or the language used would so indicate, that where there has been a material change in the conditions or circumstances affecting the welfare of the child, the court rendering the original judgment has continuing jurisdiction to amend or modify it on an application filed in the case at a term subsequent to the one during which it was rendered. For some of such cases, see *Fortson* v. *Fortson*, 195 *Ga.* 750 (25 S. E. 2d 518); *Ponder* v. *Ponder*, 198 *Ga.* 781 (32 S. E. 2d 801); *King* v. *King*, 202 *Ga.* 838 (44 S. E. 2d 791). The rulings made in those three cases are in conflict with the one made in the *Richards* case, supra, and the *Richards* case being a unanimous decision as to the question here involved and an older one, it is a binding precedent and controlling. The ruling made in the *Richards* case was the law of this State when a different ruling was made in the subsequent custody cases, and the erroneous rulings made in those several cases will not be followed in the present case. In a number of other cases, viz., *Stallings* v. *Bass*, 204 *Ga.* 3 (48 S. E. 2d 822); *Sessions* v. *Oliver*, 204 *Ga.* 425 (50 S. E. 2d 54); *Elders* v. *Elders*, 206 *Ga.* 297 (57 S. E. 2d 83); *Carney* v. *Franklin*, 207 *Ga.* 39 (59 S. E. 2d 909); *Herring* v. *Herring*, 208 *Ga.* 146 (65 S. E. 2d 584); *Blackstock* v. *Blackstock*, 208 *Ga.* 837 (69 S. E. 2d 770); *Hammock* v. *Hammock*, 209 *Ga.* 647 (74 S. E. 2d 859); *Young* v. *Young*, 209 *Ga.* 711 (75 S. E. 2d 433); *Hicks* v. *Buffington*, 209 *Ga.* 719 (75 S. E. 2d 560); *Stout* v. *Pate*, 209 *Ga.* 786 (75 S. E. 2d 748); *North* v. *North*, 209 *Ga.* 883 (76 S. E. 2d 617); *Young* v. *Young*, 210 *Ga.* 164 (78 S. E. 2d 424); *Dodson* v. *Perkins*, 210 *Ga.* 302 (79 S. E. 2d 807); *Barrentine* v. *Barrentine*, 210 *Ga.* 749 (82 S. E. 2d 857); *Crook* v. *Crook*, 211 *Ga.* 406 (83 S. E. 2d 223), and possibly others, expressions will be found which would indicate that the court rendering the original custody judgment is vested with a continuing jurisdiction to amend or modify it on an application

filed in that case at a term subsequent to the one during which it was rendered, but in many of them it does not appear whether the case then being considered arose on an application for amendment or modification filed in the original proceeding, or whether this court was there dealing with an independent proceeding or a habeas corpus proceeding subsequently instituted. To clarify this apparent conflict and so that there will not hereafter be any confusion as to the proper method of procedure, we now hold that, while the court rendering the original judgment would in a proper proceeding have continuing jurisdiction of the subject matter of custody, if the children and the person against whom the proceeding is brought remained within the jurisdiction of the court (*Goodloe* v. *Goodloe*, 211 *Ga.* 894, 89 S. E. 2d 654), such jurisdiction would not continue because of the original action, and could not be invoked by a petition or motion filed in that case to amend or modify the original judgment, but could be invoked only by the filing of a new and independent action or habeas corpus proceeding based on changed conditions or circumstances arising subsequently to the rendition of the original judgment, and seeking, not an amendment or modification of the original judgment, but a new award of custody based on such changed conditions or circumstances materially affecting the welfare of the child or children involved, and as such changed conditions or circumstances relate to the person to whom the original award was made.

3. Since in this case the trial judge had no jurisdiction to reopen the parties' divorce case for the purpose of amending or modifying the custody judgment granted therein, the application therefor should have been dismissed. It was error not to do so.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., not participating.*

ARGUED SEPTEMBER 11, 1956—DECIDED OCTOBER 9, 1956—REHEARING DENIED OCTOBER 29, 1956.

*A. J. Whitehurst, Whelchel & Whelchel,* for plaintiff in error.

*Homer C. Eberhardt, Wm. H. Riddlespurger, Franklin, Eberhardt, Barham & Coleman,* contra.