## 21178. VEASEY v. THE STATE.

MOBLEY, Justice. Walter Emerson Veasey was tried and convicted in the Superior Court of Fulton County of the murder of Charles Joseph Cody. The jury did not recommend mercy, and the defendant was sentenced to death. His motion for new trial on the general and four special grounds was denied, and he excepts to that judgment. The general grounds are contained in grounds 1, 2, and 3 of the amended motion for new trial, and the special grounds are denominated as grounds 4 through 7 inclusive. *Held:*

1. The evidence introduced by the State shows substantially the following facts: The deceased and Wesley Cody, his nineteen-year-old nephew, were traveling south on Lee Street in Atlanta, Georgia, on August 30, 1960, on their way to work. The deceased was driving a panel truck, and his nephew was riding as a passenger. At about the intersection of Lee Street and Broomhead Street, the defendant was crossing Lee Street. As the deceased and his nephew passed by in the truck, the defendant shouted. The deceased stopped the truck, and the defendant walked over to it. The defendant approached the truck on the right side, opposite the driver's side, and cursed

the deceased and accused the deceased of trying to run over him. The deceased said he was not trying to run over the defendant. The defendant started cursing again and pointed a pistol at the deceased and began shooting. Four bullets entered the deceased's body, one striking him in the right cheek, one in the right elbow, and two in his back. The deceased slumped or fell across the lap of his nephew. The nephew received a bullet wound in his shoulder. When the shooting stopped, the nephew jumped out of the truck and ran for help. The defendant walked off down the street. When investigating officers arrived at the scene, they found the deceased lying dead in the floor of the truck. No witnesses testified in behalf of the defendant. In his unsworn statement, the defendant stated that the deceased drove the truck close to him and brushed his behind; that he hollered at the truck; that the truck stopped and backed up; that when the truck stopped, the deceased threatened to kill him with a hatchet; that the deceased hit him in the face with a hatchet; and that he shot the deceased in self-defense to keep the deceased from hitting him with the hatchet. The evidence shows that a hatchet was found lying on the street near the truck after the shooting had taken place. None of the witnesses testified that the deceased struck the defendant or threatened him. A police officer, who arrested the defendant on the day following the shooting, testified that the defendant did not have any fresh cuts or bruises on his head or face when he was arrested. The evidence is sufficient to support the verdict, and the general grounds of the motion for new trial are without merit.

2. Special ground 4 complains only that there were conflicts in the evidence introduced by the State. This ground alleges that one witness testified that four shots were fired at the scene of the crime while another witness testified that six shots were fired; and that two witnesses differed as to whether a hatchet found at the scene was ten feet or five feet from the truck in which the deceased was killed. Suffice it to say that the alleged conflicts in testimony are not shown to be material to the issue of the defendant's guilt or innocence, and that such questions must always be resolved by a jury. This ground is without merit.

3. Special ground 5 complains because of the admission in evidence of a diagram of the street intersection where the shoot-

ing occurred and the neighboring area. This ground fails to disclose what objection, if any, was offered to the admission of this evidence at the time it was tendered by the State, and it was not error to overrule this ground of the motion for new trial. *Williams v. State*, 206 Ga. 499 (57 S. E. 2d 610); *Overby v. Verner*, 212 Ga. 238 (1) (91 S. E. 2d 762).

4. Special ground 6 complains of the charge of the court as being incomplete because of a failure to charge as follows: "If the assault upon the accused was made with a weapon likely to produce death and in a manner apparently dangerous to life, the fact that the accused provoked the assault by opprobrious words would not put him in the wrong for resisting it so far as was necessary to his defense; and a seeming necessity, if acted on in good faith, would be equivalent to a real necessity." Said charge is contained in headnote 5 of *Butler v. State*, 92 Ga. 601 (19 S. E. 51), and it was there held to be error, under the evidence of that case, to have failed to give said charge, or another charge to the same effect, even in the absence of a timely written request to charge. In the instant case, no request to charge the principle stated in the *Butler* case was made, and the matter of an assault upon the accused was not raised by the evidence but raised only in the defendant's unsworn statement. Under such circumstances, "Failure of the court to present, in the course of the instructions to the jury, a theory of the case which is found not in the evidence but only in the statement of the accused is not ground for a new trial, where there was no request in writing to charge upon such a theory." *Lampkin v. State*, 145 Ga. 40 (6) (88 S. E. 563). This special ground is without merit.

5. Ground 7 is based upon alleged newly discovered evidence. The evidence relied upon consists of the affidavits of two named persons, the gist of each being that one of the witnesses who testified at the trial did not see the shooting of the deceased, for reasons set forth in said affidavits. The witness referred to had testified that he was standing in close proximity to the panel truck in which the deceased was shot, and that the witness had observed the defendant shooting a pistol into the truck. One of the affiants swore that the witness did not see the shooting because the affiant saw the witness on the opposite side of the street from affiant, and the witness

was cranking his car when the shooting occurred. The other affiant swore that he and the witness were working on the witness's automobile when they both heard the shots, and that the witness did not see any of the activities leading up to the shooting. The alleged newly discovered evidence is merely impeaching in character and, under the often-repeated rulings of this court, it was not error to overrule this ground of the motion for new trial. *Arwood v. State*, 59 Ga. 391 (1); *Levining v. State*, 13 Ga. 513 (1); *Moreland v. State*, 134 Ga. 268 (2) (67 S. E. 804); *Wright v. State*, 34 Ga. 110 (2); *Jackson v. State*, 93 Ga. 190 (1) (18 S. E. 40); *Johnson v. State*, 196 Ga. 806 (1) (27 S. E. 2d 749).

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 14, 1961—DECIDED APRIL 6, 1961—
REHEARING DENIED APRIL 20, 1961.

*E. S. D'Antignac, Chas. M. Clayton, R. P. Herndon,* for plaintiff in error.

*Paul Webb, Solicitor-General, Eugene L. Tiller, John W. Walton, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.