1. While in a divorce action the decree awarding custody of a minor child of the parties, without any reservation of jurisdiction, is final and conclusive, and cannot, by reason of facts or conditions subsequently transpiring, be amended or modified after the term, affecting the merits on the facts then existing (Richards v. McHan, 139 Ga. 37 (3), 76 S.E. 382; Crowell v. Crowell, 191 Ga. 36. 11 S.E.2d 190; Bank of Tupelo v. Collier, 192 Ga. 409, 412, 15 S.E.2d 499. See also Chandler v. Chandler, 204 Ga. 40, 48 S.E.2d 841; Varble v. Hughes, 205 Ga. 29, 52 S.E.2d 303), yet the custody of the child may subsequently be awarded to the other party where there is a change of conditions or circumstances affecting the welfare of the child. Willingham v. Willingham, 192 Ga. 405, 406 (1) (15 S.E.2d 514); Kniepkamp v. Richards, 192 Ga. 509
(6-a) (16 S.E.2d 24); Brooks v. Thomas, 193 Ga. 696
(1) (19 S.E.2d 497); Fortson v. Fortson, 195 Ga. 750
(3) (25 S.E.2d 518); Jordan v. Jordan, 195 Ga. 771
(2) (25 S.E.2d 500).
2. The petition in the present case, alleging misconduct upon the part of the defendant, affecting the welfare of the child, since the award of its custody to her in an action of divorce, and praying that the custody be awarded to the petitioner, but not seeking to modify the original *Page 762 
decree in respect to the facts on which it was based, as contended by the plaintiff in error, was not subject to the general demurrer.
3. Where in a plea of res adjudicata it was alleged, with exhibits of former pleadings and decree attached, that the present charges of misconduct upon the part of the defendant since the award of its custody to her in the original divorce action had been adjudicated adversely to the petitioner by a decree entered on August 11, 1947, but such misconduct was alleged to have occurred in the years 1948 and 1949, the court did not err in not sustaining the plea in its entirety but only as to any misconduct prior to the rendition of the decree on August 11, 1947.
Judgment affirmed. All the Justicesconcur.
 No. 16770. SEPTEMBER 14, 1949.
 STATEMENT OF FACTS BY DUCKWORTH, CHIEF JUSTICE.
Joseph A. Bowers filed in the Superior Court of Fannin County, on April 1, 1949, a petition against Nannie Belle Bowers, which as amended alleged the following: The petitioner and the defendant, who were married on December 12, 1937, separated on June 9, 1946. Immediately thereafter the wife filed suit against the petitioner here. On August 12, 1946, as shown by an exhibit attached to the petition, a decree of divorce between the parties was entered, both parties being given the right to remarry after a period of thirty days, and the permanent custody of their minor child, Claud Wilburn Bowers, was awarded to the former wife, and alimony in the sum of $30 per month was fixed for the support of the child. It was further alleged: The petitioner has complied with the decree in all of its provisions. During the first of the summer of 1948, the said Nannie Belle Bowers was parked on the Snake Nation Road and on Deep Gap Mountain with a married man, one Clyde Parker, who was then living with his wife and two children. During the last of the year 1948 and the first part of 1949 she has been seen out at late hours of the night with John Dellenger, Robert Self, and other men whose names are known to the defendant, and she has been seen with these men at late hours of the night at different beer joints and roadhouses in Gilmer and Fannin Counties. During the year 1948, and while the defendant lived in the old shop on the highway leading from Blue Ridge, Georgia, to Morganton. Georgia, she lived near the place of business of one W. R. Green and also near his residence, a distance of about 250 yards from his place of business and also from his residence. At this old *Page 763 
shop automobiles would be parked all during the late hours of the night, and there was loud cursing and all kinds of profanity. Loud and vulgar language was being used by the defendant, and the voices of men could also be heard. This was constantly being carried on and could be heard for a great distance, and it was such language and vulgarity that it was not decent for anyone to hear, and it disturbed the neighbors at night. The money which the petitioner has been paying for the support of the said minor child is not being used for the support and benefit of the said child but for other purposes, and the child is undernourished, underclothed, and its general health is being endangered. The defendant is now living in a very small upstairs apartment which is difficult of access and egress, thus making it very dangerous in case of fire, and the defendant is away from home a lot at night, leaving the child without anyone to look after and care for it. The petitioner has a good home, has married again, and has a good Christian home to which he can carry the said child and where it would be under good influence. He is financially able to provide food and clothing for the child, and it will be sent to school and be well cared for. The welfare of the child is in question, its future welfare should be protected, and the judgment rendered by the court on August 12, 1946, awarding the permanent custody of the child to the defendant should be set aside and an order be passed awarding its custody to the petitioner in order that it be placed under good, moral influence. The prayers were (a) for process, (b) that a rule nisi be issued, and (c) that the permanent custody of the child be awarded to the petitioner.
The defendant filed an answer denying the substantial allegations of the original petition. The defendant also filed general and special demurrers to allegations of the original petition, which were met by an amendment. The defendant also filed a plea of res adjudicata as follows: A judgment was rendered on August 11, 1947, in the said court in favor of the defendant on the same cause of action between the same parties, a copy of the pleadings and judgment being attached to the plea and made a part thereof. The said judgment was a full and final adjudication of the cause of action now sued upon. It was prayed that the plea be sustained and the petition be dismissed. *Page 764 
After the petition had been amended the defendant renewed the original demurrers and added the following general grounds of demurrer: 1. The petition fails to set forth any cause of action against the defendant. 2. The decree entered by the court on August 12, 1946, granting a divorce, the custody of the child permanently awarded to the defendant here, and alimony awarded in the sum of $30 for the support of the child, was conclusive and final between the parties and cannot be amended or modified. 3. The court is without power to change or modify the decree in any respect. 4. The court is without authority or jurisdiction, for the reason that the term at which the final decree of August 12, 1946, was entered had been adjourned by operation of law, and there was nothing in the decree which gives the court any authority to modify or change the said final decree in any respect.
The court sustained the plea of res adjudicata only as to all matters, charges, or allegations against the defendant prior to August 11, 1947, the date which, as the order of the court recites, the issues involved in a petition by the former husband against the former wife as to the custody of the said child were passed upon adversely to the petitioner and custody of the child was denied to him.
The court also overruled the renewed demurrer, and thereafter on a hearing entered a decree fixing the custody of the child, each party to have the custody at stated respective intervals, until the further order of the court.
The exceptions are to the judgment in not sustaining the plea of res adjudicata in its entirety, and to the judgment overruling the renewed demurrer.