24342. BETTES v. BETTES.

ARGUED OCTOBER 9, 1967—DECIDED OCTOBER 20, 1967.

*Gerstein & Carter, Hugh R. Powell, Jr.,* for appellant.

*Scott S. Edwards, J. William Gibson, Gary W. Hatch,* for appellee.

DUCKWORTH, Chief Justice. There are many complex questions involved in the Oklahoma court's numerous orders or judgments such as, full faith and credit, power of that court to retain jurisdiction, res judicata, and jurisdiction of the father and children who were domiciled in Georgia. But we put all those questions aside because, even conceding that the mother had the right of custody in virtue of that court's judgments, this record authorized the ruling of the trial judge in this case to find as he did that the best interest and welfare of these children will be served by giving the father custody. The evidence also shows changes in conditions affecting the welfare of the

children, to wit: The parents reside in different States; the children are attending school, church and Sunday school in Georgia; and more and better parental control and care have been shown during their stay in Georgia. The judge could easily find that to uproot the children from these beneficial conditions would be harmful to them. The fundamental basis for fixing custody as between parents is the welfare of the children. *Code Ann.* § 74-107 (Ga. L. 1957, pp. 412, 413; 1962, pp. 713, 715) ; *Willingham v. Willingham,* 192 Ga. 405, 406 (1) (15 SE2d 514) ; *Lynn v. Lynn,* 202 Ga. 776 (44 SE2d 769) ; *Adams v. Adams,* 206 Ga. 881, 882 (2) (59 SE2d 366) ; *Porter v. Chester,* 208 Ga. 309 (4) (66 SE2d 729) ; *Barnes v. Tant,* 217 Ga. 67 (121 SE2d 125). This principle is controlling whether in fixing the original custody or in changing custody because of change in conditions.

Since conditions were shown that would authorize the custody award here made, either as an original decree or as a change, it is obvious that no purpose would be served by a long and difficult "wading through" the questions we have put aside.

*Judgment affirmed. All the Justices concur.*