## 25152. LOWERY v. ADAMS.

DUCKWORTH, Chief Justice. The appeal is from the denial of motions to (1) quash the service and dismiss the rule nisi in Civil Action No. 5, October term 1968, Murray Superior

Court, and (2) dismiss as res judicata and dismiss all amendments offered in Case No. 13, May term 1963, and Case No. 27, August term 1967. All of these alleged errors are to rulings which would have been final if rendered as claimed by the appellant, and the lower court certified a need for an "immediate review" as required by *Code Ann.* § 6-701 (Ga. L. 1965, p. 18, as amended April 8, 1968, Ga. L. 1968, pp. 1072, 1073). In Civil Action No. 13, entitled "Libel for Divorce," the father was granted complete custody of the minor child of the parties therein. Thereafter in the same-styled case the mother alleged changes of conditions and sought a modification of the final decree which was thereafter modified to authorize the mother to have custody for one month. However, the clerk attached process and summons thereto and styled this pleading, No. 27, August term 1967. Thereafter in Case No. 5, October term 1968, the mother sought a further change of custody because of changes of circumstances affecting the interest and welfare of the minor child. The motion to quash because no summons or process was attached to the petition, and to dismiss the rule nisi are addressed to this pleading. She thereafter sought to amend Civil Action No. 13 to allege changes of circumstances and again to amend and set up Civil Action No. 27 also in Case No. 5. The plea of res judicata and motion to dismiss is to Civil Action No 27, although the amendments are an apparent attempt to consolidate by reference these three actions. *Held:*

1. Cases No. 13, the original petition for divorce and custody, and No. 27, seeking modification of the final decree, are absolutely final and cannot be amended or consolidated with any other case. The apparent attempt to consolidate these cases by reference to Case No. 5, alleging changes of conditions affecting the welfare of a minor child in order to prevent that case from being subject to the defensive pleadings filed, is absolutely functus officio. *Code Ann.* § 74-107 (Ga. L. 1957, pp. 412, 413; 1962, pp. 713, 715); *Adams v. Adams,* 221 Ga. 710 (2) (146 SE2d 759); *Barrentine v. Barrentine,* 210 Ga. 749 (82 SE2d 857); *Burton v. Furcron,* 207 Ga. 637 (63 SE2d 650); *Broome v. Broome,* 212 Ga. 132, 134 (91 SE2d 18); *Goodloe v. Goodloe,* 211 Ga. 894 (89 SE2d 654), and cases cited on page 897. Accordingly, the motion to dismiss these amendments should have been granted, the same having no bearing on the case in question.

2. The pleadings here are in the nature of a petition for habeas corpus with a rule to show cause signed by the judge, sanctioning the filing of the pleadings and ordering a copy of the rule nisi and the petition served on the plaintiff "instanter." It is thus apparent the clerk did not feel it was necessary to attach additional summons thereto in accordance with *Code Ann.* § 81A-104 (Ga. L. 1966, pp. 609, 610; 1967, pp. 226, 227, 228, 249; 1968, pp. 1036, 1104, 1105), which would require a different time for defendant to appear and to answer. See *Moore v. Berry,* 210 Ga. 136 (78 SE2d 6). Had there been no nisi order attached, then a summons would have been necessary, but the court having assigned a different time to appear, the summons was not necessary. Accordingly, the motion to quash the service and dismiss the rule nisi are not meritorious.

3. The plea of res judicata will require evidence to ascertain whether or not the change of conditions averred has already been considered by the court in other proceedings. *Willingham v. Willingham,* 192 Ga. 405, 406 (15 SE2d 514) ; *Stephens v. Sudderth,* 216 Ga. 222 (1) (115 SE2d 519) ; *Barnes v. Tant,* 217 Ga. 67 (1) (121 SE2d 125). Accordingly, the court erred in denying the pleas without a hearing.

4. This court finds the case as a conglomeration of three separate and distinct cases, two of which resulted in final judgments which cannot be resurrected and have no bearing on the issue except as to whether or not they are res judicata. Accordingly, the case is reversed with direction that the two earlier cases be separated from the case, and the court proceed thereon after separating the "wheat from the chaff."

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*

SUBMITTED APRIL 15, 1969—DECIDED APRIL 24, 1969—
REHEARING DENIED MAY 8, 1969.

*Walter H. Bolling,* for appellant.

*J. Paxson Amis, Chance, Maddox & Collins, Ronald Chance,* for appellee.