## 25460. LOWERY v. ADAMS.

FRANKUM, Justice. This is the second appearance of this case in this court. See *Lowery v. Adams,* 225 Ga. 248 (167 SE2d 636), which was finally disposed of in this court on May 8, 1969. Examination of the record in this court, upon which that case was decided, reveals that no evidence was transmitted to this court for its consideration. After the case was returned to the superior court and on June 25, 1969, a transcript of evidence adduced at the hearing before the trial judge on February 19, 1969, was filed, and on July 25, 1969, the order here appealed from was entered. In the order appealed from the trial judge recites: "This action came on for hearing before the court . . . on February 25, 1969, and the issues having been duly heard and the evidence submitted by both parties having been carefully examined, and the court being fully advised in the premises, finds . . .": that there have been material changes in the conditions and circumstances occurring since June 1, 1967, substantially affecting the welfare of the minor child, and that the welfare of the minor child requires a modification of the original

judgment dated April 22, 1964, and such subsequent judgment dated June 21, 1967. Thereafter, the court ordered and adjudged that the plea of res judicata filed by the defendant be overruled and that custody of the minor child be vested in the plaintiff, that is Shirley (Lowery) Adams, with the right of the defendant to visit the child at the place of residence of the mother or to have her visit with him at any place within a radius of 10 miles from such residence on one Saturday of each month between the hours of 10 a.m. and 4 p.m., provided the defendant should give the plaintiff 24 hours written notice of his intention to exercise such visitation rights, and provided further that he return the child to the plaintiff promptly at the time specified.

1. So far as the record appears before this court, no new hearing on the issue of the defendant's plea of res judicata was had after the case was transmitted from this court upon remittitur back to the trial court. It is clear from the language of the order appealed from that the recitation therein, to wit: "that the case came on for a hearing" has reference only to the hearing held on February 19, 1969. As shown by the supplemental transcript certified by the reporter transmitted as a part of the record in this case, the trial judge limited that hearing to the issue of custody alone, specifically rejecting the suggestion of counsel for the plaintiff that he should hear evidence respecting a change of condition affecting the welfare of the child since June 21, 1967. Since the evidence at that hearing was thus expressly limited by the trial judge himself, it was error in the face of the ruling of this court rendered in Division 3 of the opinion upon the former appearance of this case (225 Ga. at p. 250) to render a judgment changing the custody of the child without hearing evidence on the issue of res judicata. As has many times been plainly and unmistakably held by this court, and as was so clearly pointed out by the late Chief Justice Duckworth on the previous appearance of this case, while on the hearing of a case of this nature the trial judge is vested with a wide discretion as to which of the two contesting parents he will award custody to, yet such discretion, where there has been a previous order awarding custody to one or the other of such parents, is necessarily limited by the principles of res judicata, and he cannot make a new order changing custody except insofar as such a change may be authorized by evidence

showing a change in the conditions and circumstances affecting the welfare of the child occurring subsequent to the last previous order. *Willingham v. Willingham,* 192 Ga. 405, 406 (15 SE2d 514); *Benefield v. Benefield,* 216 Ga. 593 (118 SE2d 464) and *Bettes v. Bettes,* 223 Ga. 732 (157 SE2d 742). Under the facts of this case the trial court erred in not hearing evidence on the issue made by the plea of res judicata.

2. Insofar as the order appealed from purported to modify the original judgment dated April 22, 1964, and the subsequent judgment dated June 21, 1967, rendered in entirely different cases, which judgments have become final and were beyond the power of the court to modify or change in any way, such judgment was erroneous.

3. Without reviewing here the evidence adduced on February 19, 1969, and relied upon by the trial judge in rendering the judgment of July 25, 1969, it is sufficient to say that as indicated by the colloquy between the court and counsel preceding the hearing, such evidence was in substance limited to a showing of the conditions under which the child was being kept by the father at the time of that hearing. No evidence which would have authorized a finding that those conditions were substantially different from the conditions under which the child was being kept in June 1967, at the date of the last previous judgment fixing the custody of the child permanently in the father was introduced, and since under the ruling which we here make, it will be necessary for the trial court in order to comply with the order of this court to hold another hearing and allow the defendant, Malcolm Lowery, to introduce evidence in support of his plea of res judicata, we will make no further comment respecting the sufficiency of the evidence to support the judgment.

*Judgment reversed with direction. All the Justices concur.*

SUBMITTED OCTOBER 14, 1969—DECIDED DECEMBER 4, 1969— REHEARING DENIED DECEMBER 18, 1969.

*Walter H. Bolling,* for appellant.

*J. Paxson Amis, Chance & Maddox, R. F. Chance,* for appellee.