25738. SMITH v. PARR.

SUBMITTED APRIL 13, 1970—DECIDED MAY 7, 1970.

*Greer, Sartain & Carey, Jack M. Carey,* for appellant.

GRICE, Justice. The instant appeal is from a judgment overruling a former wife's plea to the jurisdiction and modifying a divorce decree upon the former husband's petition for contempt.

The petition, filed by Norman L. Parr against Jacqulyn Parr Smith in the Superior Court of Hall County, alleged in essence that the decree of divorce granted to the parties in that court awarded permanent custody of the parties' minor child to the former wife and awarded him visitation rights each Saturday

from 12 noon to 7 p.m.; that this decree was subsequently modified by the Superior Court of Polk County so as to extend his visitation rights from 9 a.m. to 9 p.m. each Saturday; and that the former wife is in contempt for not having their child available for his visitation each Saturday. The petition prayed that he have more reasonable visitation rights, that the former wife be required to have the child available for him, that rule nisi issue for her to show cause why this relief should not be granted, and that he have general relief.

The wife answered, in material part, that the Superior Court of Polk County modified the previous decree of the Superior Court of Hall County and therefore the Superior Court of Hall County does not have jurisdiction to decide whether she is in contempt of the Superior Court of Polk County; that she is not subject to the jurisdiction of the Superior Court of Hall County as she is a resident of Polk County and the Superior Court of Polk County has jurisdiction of her, and therefore the Superior Court of Hall County is without authority to modify or alter the judgment in this proceeding; that she is not in contempt; and that she had the child available for the former husband's visits and has not abused the custody privileges.

Upon the hearing, the parties in their testimony blamed each other for the visitation situation. However, that evidence is not necessary to recite here. Documentary evidence included the Polk County proceeding brought by the husband against the wife in which his visitation rights were modified as above described.

Following this hearing, the Superior Court of Hall County entered a judgment which in substance recited that it had jurisdiction over the subject matter and the parties; that the wife had violated that court's decree granting visitation privileges to the husband from 12 noon to 7 p.m.; that no decision was made as to whether the wife was in contempt but such ruling was held in abeyance for six months, at which time the court would hear further evidence as to any future violations by the wife; and that if the orders of that court and the Superior Court of Polk County were complied with during such period there would be no finding of contempt. The judgment also incorporated certain

provisions with reference to carrying out the visitation rights granted by both courts.

The appeal is from this judgment, which the trial court certified for immediate review. Enumerated as error are (1) that the Superior Court of Hall County erred in assuming jurisdiction over the person and the subject matter and was therefore without authority to enter any order on this application for contempt; (2) that it erred in modifying the terms of a previous judgment and decree upon an application for contempt, and (3) that it erred in holding that the wife had violated the judgment of the Superior Court of Hall County granting visitation to the father each Saturday from 12 noon to 7 p.m.

As we view the issues here it is necessary only to consider the first enumeration, relating to jurisdiction. That issue is controlling.

■ Initially, we conclude that the Polk County modification decree superseded the original Hall County decree as to visitation.

The record shows that the husband filed an independent action for modification of visitation rights against the wife in the Superior Court of Polk County after she moved to that county, and that upon a hearing pursuant to that petition the Superior Court of Polk County entered judgment that "the visitation rights of the father, Norman L. Parr, with the minor child ·. . . shall hereafter be as follows: Said father shall have visitation rights and may take custody of said child from 9 a.m. until 9 p.m. each Saturday." This judgment was later modified in a particular not material here.

No appeal was taken from this judgment.

The independent action by the husband for modification of rights of visitation was properly brought in Polk County, the county of the wife's residence. *Brinson v. Jenkins,* 207 Ga. 218, 219 (60 SE2d 440); *Goodloe v. Goodloe,* 211 Ga. 894 (89 SE2d 654) (one Justice not participating); *Anthony v. Anthony,* 212 Ga. 356 (92 SE2d 857); *Perry v. Perry,* 212 Ga. 668 (95 SE2d 2) (one Justice not participating). Visitation is a part of custody.

■ Since the portion of the Hall County decree relating to

custody was superseded by the Polk County decree, it follows that the Superior Court of Polk County alone has jurisdiction to entertain the petition for contempt with reference to visitation. See *Goodrum v. Goodrum,* 202 Ga. 135 (4) (42 SE2d 450); *Gore v. Gore,* 217 Ga. 478 (123 SE2d 254) (two Justices dissenting); *In re Fite,* 11 Ga. App. 665 (3) (76 SE 397).

The Superior Court of Hall County not having jurisdiction to entertain the instant petition for contempt, its judgment was of no effect, and the remaining enumerations need not be considered.

*Judgment reversed. All the Justices concur.*