## 33367. NIPPER v. RICH.

MARSHALL, Justice.

The appellant wife filed a contempt citation against her former husband, the appellee. By agreement of the parties, the contempt citation was consolidated for hearing with a petition filed by the husband for modification of visitation rights.

The trial court found the husband in contempt for failure to make child support payments, but allowed him to purge himself of contempt by making child support payments in a timely fashion. The trial court then modified the husband's visitation rights with his minor daughter from Sunday of each week between the hours of 2 p.m. and 5 p.m. to the first and third weekends of each month from Saturday at 9 a.m. until Sunday at 6 p.m.

The wife appeals, enumerating six alleged errors. In

the first three enumerations of error, the wife argues that the order of the trial court modifying visitation rights is without evidence to support it and was an abuse of discretion on the part of the trial judge. Citing *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484) (1974), the wife maintains that there was no evidence in this case of changed conditions affecting the welfare of the parties' minor child occurring after rendition of the former custody judgment which would warrant the issuance of a new judgment effecting a change of visitation rights.

The preceding language from *Robinson v. Ashmore,* supra, has been limited by the enactment in 1976 of an amendment to Code Ann. § 30-127 (Ga. L. 1957, pp. 412, 413; 1962, pp. 713, 714; 1976, p. 1050). The 1976 amendment provides that, "In any case in which a judgment has been entered awarding the custody of a minor, on the motion of any party or on the motion of the court that portion of the judgment effecting visitation rights between the parties and their minor children may be subject to review and modification or alteration, but not more often than once in each two-year period following the date of the entry of such judgment, without the necessity of any showing of a change in any material conditions and circumstances of either party or the minor. The provisions of this section shall not limit or restrict the power of the court to enter a judgment relating to the custody of a minor in any new proceedings based upon a showing of a change in any material conditions or circumstances of a party or the minor." Therefore, the trial judge was fully authorized to modify the appellee's visitation rights in his minor child without the necessity of any showing of a change in conditions. Although it is not inconceivable that the trial judge could, nevertheless, abuse his discretion in ordering the change in visitation rights, there is nothing in the record that would justify us in holding that the trial judge abused his discretion in ordering the slight modification in visitation rights in this case.

The three remaining enumerations of error relate to the action of the trial judge in sustaining objections to the introduction of evidence proffered by the appellant, and the alleged refusal of the trial judge to allow the

appellant's attorney to make a closing argument. We find this latter enumeration of error to be without merit. We find that the evidentiary rulings of the trial judge, if error, were harmless.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 14, 1978 — DECIDED APRIL 3, 1978.

*Huff & Moore, Michael S. Huff, Richard L. Moore,* for appellant.
*Richard L. Powell,* for appellee.