37217. LAWRENCE v. DAY.

MARSHALL, Justice.

This is a petition for modification of child custody filed by the appellant former husband against the appellee former wife. Code Ann. §§ 30-127 (b), 74-107 (b) (Ga. L. 1976, pp. 1050, 1053, as amended). The trial judge refused to award full custody to the appellant, but the judge did agree to a modification of visitation rights. The judge also entered a sua sponte order providing for an upward revision of the child support for which the appellant is liable. Code Ann. § 30-220 (a) et seq. (Ga. L. 1979, pp. 466, 482 et seq.). The appellant appeals from the trial judge's revision of the child support award. We reverse.

Code Ann. §§ 30-127 (b) and 74-107 (b) do provide, in pertinent part, that: "In any case in which a judgment has been entered awarding the custody of a minor, on the motion of any party *or on the*

*motion of the court* that portion of the judgment effecting visitation rights between the parties and their minor children may be subject to review and modification or alteration, but not more often than once in each two-year period following the date of the entry of such judgment, without the necessity of any showing of a change in any material conditions and circumstances of either party or the minor." (Emphasis supplied.) However, Code Ann. § 30-220 (a) provides, in pertinent part, that: "The judgment of a court providing permanent alimony for the support of a child or children shall be subject to revision *upon petition filed by either former spouse* showing a change in the income and financial status of the former spouse liable for such alimony." (Emphasis supplied.) *Held:*

In this case, it is unnecessary to decide whether the custodial parent can even file a petition for revision of child support in response to a petition for modification of child custody. Here, no such petition was filed, no such relief was requested, and there was no evidence adduced at the hearing below to support a finding of change in the income and financial status of the appellant. Therefore, the trial judge erred in revising the child support award.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 15, 1981.

*Robert A. Sneed & Associates, Marshall H. Jaffe,* for appellant. *James Kramer,* for appellee.