## 61847. TIRADO v. SHELNUTT.

CARLEY, Judge.

The instant child custody case presents a confusing set of facts and a complicated procedural history. On February 10, 1975, the parties in the instant appeal were divorced pursuant to a decree of the Superior Court of Clayton County. Appellee-mother was granted permanent custody of their minor child and appellant-father was granted specified visitation rights to the child. The record is not totally clear as to exactly what transpired subsequently. Apparently criminal charges were brought against appellant for the alleged sexual molestation of the child during the times she was visiting with him. Around the same time that the criminal charges were brought and based upon the same allegations of sexual molestation of the child appellee sought a modification of the divorce decree to terminate appellant's visitation rights. A hearing on the modification of appellant's visitation rights was continued pending resolution of the criminal charges against him. Appellant was tried and acquitted in Clayton County of the molestation charge. Apparently a short time thereafter appellee and the child left the Clayton County area and could not be found. Evidently sometime either before or after the resolution of the criminal charges appellant had made his own motion to modify and extend his visitation rights to the child. On August 18, 1977, apparently after appellant had been acquitted of the criminal charges and appellee and the child had fled, the Superior Court of Clayton County entered an order modifying the divorce decree so as to grant appellant extended visitation rights.

In April of 1980, a short time after appellant discovered that appellee and the child were living in Clarke County, he filed a petition for change of custody in the superior court of that county, alleging a "change in circumstances materially affecting the welfare of the minor child . . ." Appellee answered, denying appellant's allegations and contesting his attempt to obtain custody of the child. A hearing was held on May 23, 1980 in Clarke Superior Court. After hearing evidence, the court took the case under advisement pending receipt of an investigatory report by the Department of Family and Children Services. On July 1, 1980, unbeknownst to the Superior Court of Clarke County and before that court had entered an order in the custody case, appellant filed an application in the Superior Court of Clayton County seeking to hold appellee in contempt of that court's August 18, 1977 order which had granted appellant extended visitation rights to the child. On July 31, 1980, again while Clarke Superior Court had the custody case under advisement, the Superior Court of Clayton County found appellee in contempt of that court's

previous 1977 visitation order. The order of the Clayton Superior Court finding appellee in contempt also made modifications in appellant's visitation rights. Thereafter, on August 25, 1980, the Superior Court of Clarke County entered its order in the instant case. That order refused to grant appellant custody of the child and, based upon a finding that appellant had sexually molested the child, further modified appellant's visitation rights in such a manner as to be in conflict with the Clayton County Superior Court's order entered some weeks previously on July 31, 1980.

Appellant petitioned this court for a discretionary appeal from that portion of the Clarke County order modifying his visitation rights. Appellant's petition was granted in order that we might determine the validity of the modification of appellant's visitation rights ordered by the Superior Court of Clarke County in view of the previous rulings in 1977 and July 1980 of the Superior Court of Clayton County with regard to those same rights.

1. The first issue to be determined is which superior court, that of Clarke County in the custody case or that of Clayton County in the subsequently filed contempt proceeding, had jurisdiction to modify appellant's visitation rights. Clearly, Clarke County, the domicile of appellee and the child, was the proper forum for the consideration of appellant's proceeding to change custody. *Smith v. Smith,* 148 Ga. App. 300 (251 SE2d 156) (1978). A court in which a petition to change custody is brought also has authority to modify visitation rights. See *Lawrence v. Day,* 247 Ga. 474 (277 SE2d 35) (1981). It is equally clear that Clayton County was the proper forum for the determination of appellant's petition to hold appellee in contempt of the August 1977 visitation order of the superior court of that county. *Griggs v. Griggs,* 234 Ga. 451 (216 SE2d 311) (1975). It is likewise clear that a court in which a contempt action is brought has authority to modify visitation rights. *Sampson v. Sampson,* 240 Ga. 118 (239 SE2d 519) (1977); *Blalock v. Blalock,* 247 Ga. 548 (277 SE2d 655) (1981).

However, in the instant case, the Superior Court of Clayton County did not have jurisdiction to enter the order on July 31, 1980 modifying appellant's visitation rights. The petition for modification was filed in Clarke County in April 1980. The contempt action was filed in Clayton County in July of 1980. We find that the Superior Court of Clarke County, the court whose jurisdiction over issues involving custody to the child was first invoked, had full authority to determine all such issues, including visitation rights. See *Breeden v. Breeden,* 202 Ga. 740, 741 (6) (44 SE2d 667) (1947). See also *Smith v. Parr,* 226 Ga. 336 (175 SE2d 12) (1970). The Superior Court of Clarke County had authority to consider the issue of appellant's visitation rights and that authority was not lost when the Clayton Superior

Court entered its order modifying the visitation rights in the contempt action. See *Rogers v. McDonald,* 228 Ga. 129 (184 SE2d 351) (1971). We, therefore, proceed to determine whether the modification of appellant's visitation rights by the Clarke County Superior Court, the only court which had jurisdiction, was erroneous for any reason.

2. In related enumerations of error, appellant essentially urges that the trial court was not authorized to modify his visitation rights because a modification of those rights was not sought by himself or appellee and that he was denied the opportunity to present evidence showing that the modification was not warranted. Apparently by this argument appellant contends that he was not afforded an opportunity to present evidence that the circumstances had not changed since the prior award of visitation by the Clayton County Superior Court in 1977.

We find this argument meritless. It is clear that a court with jurisdiction over issues of child custody may, in the context of such a proceeding, modify visitation rights on its own. "Code Ann. §§ 30-127 (b) and 74-107 (b) do provide, in pertinent part, that: 'In any case in which a judgment has been entered awarding the custody of a minor, on the motion of any party *or on the motion of the court* that portion of the judgment effecting visitation rights between the parties and their minor children may be subject to review and modification or alteration . . .' " *Lawrence v. Day,* 247 Ga. 474, supra. "[T]he trial judge [is] fully authorized to modify . . . visitation rights in [a] minor child without the necessity of any showing of a change in conditions." *Nipper v. Rich,* 241 Ga. 123, 124 (244 SE2d 237) (1978). Modification of child visitation rights is a matter of discretion with the trial court and may be based upon the existing circumstances even if they have not changed since the prior award. See *Parker v. Parker,* 242 Ga. 781 (251 SE2d 523) (1979). Accordingly, we find no error in the trial court's initial determination, on its own motion, to modify appellant's visitation rights.

3. However, we are unable to agree with the determination by the Superior Court of Clarke County that res judicata does not attach in the context of awards of visitation rights. In its order, the Clarke County Superior Court concluded that, pretermitting the 1977 Clayton County order, it was entitled to "relitigate" the issue of appellant's molestation of the child and base a modification of appellant's visitation rights on its finding that such molestation in fact occurred. All incidents of alleged sexual molestation which the trial judge in the instant case found did in fact occur predate the 1977 award of visitation rights to appellant by the Superior Court of Clayton County. There is no contention whatsoever that appellant

has committed any acts of molestation since the 1977 award of visitation rights. See *Bowers v. Bowers,* 205 Ga. 761, 762 (3) (55 SE2d 152) (1949). "[W]hile on the hearing of a case of this nature the trial judge is vested with a wide discretion as to which of the two contesting parents he will award custody to, yet such discretion, where there has been a previous order awarding custody to one or the other of such parents, is necessarily limited by the principles of res judicata . . ." *Lowery v. Adams,* 225 Ga. 843, 844 (171 SE2d 624) (1969). While the *Bowers* and *Lowery* decisions both involve application of res judicata in the context of prior awards of permanent custody to a child, we know of no reason why the same principle of res judicata would not be applicable in the context of prior adjudications of visitation rights. " 'Custody' includes visitation rights." Code Ann. § 24-303b (c). "[A] change in visitation is a form of change in child custody . . ." *Gazaway v. Brackett,* 241 Ga. 127, 128-129 (244 SE2d 238) (1978). It is also true that subsequent to the decisions in *Bowers* and *Lowery* Code Ann. §§ 30-127 and 74-107 were amended so as to provide that a trial judge is authorized to modify visitation rights without the necessity of any showing of a change in condition occurring since the prior award of those rights. See *Nipper v. Rich,* 241 Ga. 123, supra. However, we do not view this amendment to the statutes as giving a trial judge unbridled discretion in the area of visitation rights. "[I]t is not inconceivable that the trial judge could, nevertheless, abuse his discretion in ordering the change in visitation rights . . ." *Nipper v. Rich,* 241 Ga. at 124, supra. We believe that it is an abuse of discretion for a trial judge to fail to give res judicata effect to the adjudication of specific factual issues raised between the parties in a previous proceeding which resulted in an award of visitation rights. One of "[t]he general purposes of [the Georgia Child Custody Intrastate Jurisdiction Act is] to: . . . Avoid relitigation of custody decisions of other courts in this State insofar as is feasible." Code Ann. § 24-302b (a) (6).

Applying the principles of res judicata to the relevant circumstances in the instant case, it is apparent that appellant's sexual molestation of the child was made an issue in the 1977 visitation rights proceeding in Clayton County and was before the Clayton County judge who made the award of extended visitation rights to appellant at that time. See *Bowers v. Bowers,* 205 Ga. 761, 762 (3), supra. Accordingly, it was error in the instant case for the Superior Court of Clarke County to fail to give the 1977 Clayton County award of visitation rights res judicata effect. The trial judge should not have "relitigated" the issue of appellant's sexual molestation of the child and relied upon its finding on this issue as a basis for its modification of appellant's visitation rights. See

generally *Hill v. Wooten,* 247 Ga. 737 (279 SE2d 227) (1981).

4. Remaining enumerations of error have been considered and are found to be without merit. Appellant affirmatively waived any right of access to the investigatory reports of the Department of Family and Children Services ordered by the trial judge. *Brown v. Brown,* 243 Ga. 423 (254 SE2d 371) (1979). Nor do we find the order of the trial court evidences an attempt to retain jurisdiction. *Gunnells v. Gunnells,* 225 Ga. 188, 189 (2) (167 SE2d 138) (1969).

5. In accordance with Division 3 of this opinion the order of the Superior Court of Clarke County modifying appellant's visitation rights is reversed and the case remanded for the entry of a new order in which issues previously resolved in the 1977 Clayton County award are not "relitigated."

*Judgment reversed and case remanded. Banke, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED SEPTEMBER 22, 1981.

*James W. Smith,* for appellant.
*James R. Venable,* for appellee.