67436, 67437. JOHNSON CENTRAL SERVICE OF GEORGIA, INC. et al. v. EMORY UNIVERSITY et al.; and vice versa.

POPE, Judge.

Emory University filed this negligence action against Johnson Central Service of Georgia, Inc., Russell Horwich, Ken Garner, Tom Chaffin, Orlando Sharp, and Arthur Gunter (hereinafter referred to collectively as the defendants), seeking to recover damages for the destruction by fire of the Chi Phi Fraternity House on December 26, 1977. This action was specially set for trial for the week of November 8, 1982. Emory University produced at trial four contracts which had been entered into at various times between Emory University and Gamma Trust Association. Gamma Trust Association is the alumni association for the Emory University Chapter of the Chi Phi Fraternity. These contracts concerned the design, construction, payment for and maintenance of the Chi Phi Fraternity House and also set forth the terms and conditions by which Gamma Trust Association was given the right of use of the house by Emory University. The position

taken by the defendants at trial and on their subsequent motion for summary judgment was that the agreements between the university and association concerning the association's right of use of the house made the association the fee simple owner of that structure. Defendants objected at trial to the prosecution of this action in the name of Emory University, taking the position that Gamma Trust Association owned the Chi Phi Fraternity House on the date of its destruction by fire, and that said association was the real party in interest in this action.

As the result of defendants' real-party-in-interest objection, Emory University and Gamma Trust Association moved the trial court on the third day of trial for the joinder of the association as an additional party in interest, which motion was orally granted by the court on November 10, 1982. Counsel for the university and the association then asked the court to rule as a matter of law on whether the agreements between them concerning the Chi Phi Fraternity House deprived the university of its fee simple ownership of the house and the consequent right to sue for damages for its destruction. The defendants also asked the court at that time to rule on the meaning of the contracts, but no ruling was made. After the trial court granted the motion of Emory University and Gamma Trust Association to join the association as a party plaintiff, the defendants made a motion for a mistrial, which motion was granted by the trial court. The trial court entered a written order on November 19, 1982 granting the motion to join Gamma Trust Association as a plaintiff nunc.pro tunc to November 10, 1982.

With the permission of the trial court, the defendants subsequently moved the court to reconsider its order joining Gamma Trust Association as a party and also moved for summary judgment on the issue of the ownership of the Chi Phi Fraternity House and a number of other issues contended by the defendants to be appropriate for summary adjudication. Emory University also moved for summary judgment on the ownership issue contending that the contracts entered into between it and the association concerning the use of the house by the association did not in any way eliminate or detract from the university's rights as the fee simple owner of that structure. All parties to this lawsuit are in agreement that the contracts between Emory University and Gamma Trust Association are not ambiguous; the dispute between the parties goes to the legal effect of said contracts.

On April 5, 1983 the trial court entered an order denying defendants' motion for reconsideration of the order joining the association as a party plaintiff and motion for summary judgment. The court also again refused to rule on the legal meaning of the contracts between the university and the association by denying both Emory Univer-

sity's and the defendants' motions for summary judgment on the ownership issue. On April 13, 1983 the trial court signed a joint certificate for immediate review of its order of April 5. On April 25 all parties filed with this court their joint petition for immediate review of the aforesaid order. On May 20, 1983 this court granted the aforesaid petition for interlocutory review.

1. All parties in this case cite as error the trial court's "refusal" to rule as a matter of law on the nature and extent of the respective rights and interests of Emory University and/or Gamma Trust Association in the Chi Phi Fraternity House. This situation arose as a result of the trial court's denial of both the university's and the defendants' motions for summary judgment on this issue. The determination requested of the trial court was an interpretation of the four contracts entered into between the university and the association, having in mind the undisputed fact that the university was the owner of the land upon which the fraternity house stood.

As is pertinent to the case at bar, the four contracts entered into between the university and the association are essentially one contract — the three later agreements being merely for the purpose of the association obtaining additional funds from the university in order to expand, improve and repair the Chi Phi Fraternity House. The terms of the contract are virtually identical to the one discussed in *Alford v. Emory Univ.*, 216 Ga. 391 (3) (116 SE2d 596) (1960), and were paraphrased at great length in the opinion. Although the issue presented in the *Alford* case was whether or not the subject property was exempt from taxes, and the issue here is the ownership of the fraternity house, we find the Supreme Court's analysis of the contract to be persuasive on the ownership issue. The Court held that the contract was not a lease agreement whereby the association obtained a base or determinable fee in the property. Id. at 397-8. Nor did the contract convey to the association an estate for years. Id. at 399. "Here the use of the property by the fraternit[y] is to provide housing for the students of the university; only students of the university may reside therein; it is a permissive use only, subject to the control, supervision, and cancellation by the university, with the obligation on its part in the event of cancellation to pay the fraternity the cost of the construction of the house, less depreciation. . . . [U]nder the contract here involved, no rental is paid by the fraternity to the university, the right to the use of the fraternity house is not inheritable, and is assignable only by consent of the university to another fraternity maintaining a regular license charter issued by the university, or to an organization of the students or faculty recognized by the university. . . . Under the evidence in this case, [the] fraternity [building was] built by the university; [it is] regulated and supervised by the university; [it is] located in the heart of the campus, upon property

owned by the university, required to be so located and to be occupied only by students of the university; adopted as a part of the dormitory and feeding system of the college, and an integral part of the operation of the college. In our opinion [this] fraternity [house is a building] erected for and used as a college. . . ." Id. at 398.

"In the absence of a special agreement otherwise, any buildings placed upon the land of another, although by a person entitled to the use of the land, become part of the realty, and the title to the buildings becomes vested in the owner of the land." *Powell v. Harris*, 39 Ga. App. 295, 296 (147 SE 189) (1929). See also *Simpson v. Tate*, 226 Ga. 558 (1) (176 SE2d 62) (1970). The four subject contracts — agreed by all parties to be unambiguous and determinative of the ownership of the Chi Phi Fraternity House — contain no "special agreement" whereby Gamma Trust Association retained or obtained any title or estate in the building. The contracts provide *only* for the association's use of the building. Since the subject contracts plainly and definitely provide Gamma Trust Association with merely a usufructory interest in the Chi Phi Fraternity House, the trial court erred in refusing to hold as a matter of law that Emory University held title to and was the sole owner of the building at the time of its destruction by fire. See generally *Camp v. Delta Air Lines*, 232 Ga. 37 (205 SE2d 194) (1974); *Southern Airways Co. v. DeKalb County*, 216 Ga. 358 (116 SE2d 602) (1960). The judgment denying Emory University's motion for summary judgment as to this issue is reversed; the judgment denying defendants' similar motion is affirmed. See generally *Carsello v. Touchton*, 231 Ga. 878 (1) (204 SE2d 589) (1974).

2. Defendants also cite as error the trial court's order allowing Gamma Trust Association to be joined as a party plaintiff in this action. The trial court joined the association as a plaintiff "on the ground that it may be, either in whole or in part, a real party in interest in the subject matter of this action. . . ." Emory University's complaint, as amended prior to the order joining the association as a party plaintiff, set forth a cause of action sounding in tort grounded upon several theories of negligence. The university sought recovery only for the damage to the fraternity house itself, not its furnishings or contents. In light of our holding in Division 1, supra — that title to the fraternity house was in Emory University at the time of the fire — the trial court erred in joining Gamma Trust Association as a real party in interest in this action. Cf. *Southern R. Co. v. Leonard*, 58 Ga. App. 574, 584 (199 SE 433) (1938). Whether the association might have become a party to this action pursuant to some other provision of the Civil Practice Act was not addressed by the trial court and, thus, will not be addressed for the first time here on appeal.

3. Following its being joined as a party plaintiff in this action, Gamma Trust Association (in conjunction with Emory University and

as directed by the trial court pursuant to its order joining the association as a party plaintiff) filed a claim for damages against defendants for the value of the furnishings and contents of the fraternity house lost in the fire. Defendants moved to dismiss this claim (improperly denominating the motion as one for summary judgment). Since the association was not properly a party to this action (see Division 2, supra), it had no standing to assert a claim against defendants. It follows that the trial court erred in denying defendants' motion to dismiss this claim.

4. The pleadings of record in this case disclose no claim by Emory University against defendants sounding in contract. Therefore, defendants' fourth enumeration — citing as error the trial court's denial of their motion for summary judgment as to the university's "contract" claim — presents nothing for review here. Any such claim asserted by Gamma Trust Association has been disposed of in Division 3, supra.

5. Upon review of the record in this case, we are unable to conclude as a matter of law that the work performed by the defendants on the Chi Phi Fraternity House was not covered by former Code Ann. Ch. 84-57 (now, as amended, OCGA Ch. 43-14). Accordingly, the trial court did not err in denying defendants' motion for summary judgment on this ground.

6. On cross-appeal, Emory University enumerates as error two rulings by the trial court. We have disposed of the first enumeration in Division 1, supra. As to the second, the issue raised therein is controlled adversely to the university by *Downs v. Brandon*, 49 Ga. App. 198 (1) (174 SE 647) (1934). See also *Davies v. Blasingame*, 177 Ga. 450 (4) (170 SE 477) (1933); *Janney v. Dugger*, 86 Ga. App. 414 (2) (71 SE2d 777) (1952); *Douglas v. McNabb Realty Co.*, 78 Ga. App. 845, 854 (52 SE2d 550) (1949).

*Judgments affirmed in part; reversed in part. Quillian, P. J., and Sognier, J., concur.*

DECIDED MARCH 13, 1984 —
REHEARING DENIED MARCH 27, 1984 — ▇▇▇▇▇▇▇

*A. Timothy Jones, Joseph R. Cullens*, for appellants.
*E. Lee Redfern, George E. Duncan, Jr., Brady D. Green*, for appellees.