## 70025. SMITH v. SMITH.
### (332 SE2d 41)

CARLEY, Judge.

Appellee and appellant were formerly husband and wife. Under the terms of their divorce decree, appellant wife had custody of the parties' minor son, and appellee husband had specified visitation rights. Thereafter, appellee received a job transfer from Georgia to Germany. Prior to moving overseas, he petitioned the court for a change of custody. The trial court refused to change custody, but instead urged that the parties voluntarily modify appellee's visitation rights. The parties failed to reach an agreement in that regard, and appellee amended his petition to seek judicial modification of his visitation rights. The trial court entered an order of modification, and this court granted appellant's application for a discretionary appeal.

1. The parties' divorce decree included certain provisions governing visitation rights in the event that appellee moved or was transferred. Appellant asserts that the trial court abused its discretion in failing to give res judicata effect to those aspects of the prior judgment.

This court has previously held that "it is an abuse of discretion for a trial judge to fail to give res judicata effect to the adjudication of specific factual issues raised between the parties in a previous proceeding which resulted in an award of visitation rights." *Tirado v. Shelnutt,* 159 Ga. App. 624, 627 (3) (284 SE2d 641) (1981). However, the instant case involves not the relitigation of a factual issue, but the clarification of a nonspecific provision of a divorce decree. The original judgment of divorce provided that if appellee moved to a location such that weekend visits would not be practical, then appellee would be authorized to have the child visit with him at his residence "on such occasions as are *reasonable and agreeable* to [appellant]." (Emphasis supplied.) When the parties were unable to arrive at any visitation arrangements which were "reasonable and agreeable to [appellant]," the trial court properly modified the judgment to provide specific visitation rights. See *Shook v. Shook,* 242 Ga. 55, 56 (2) (247

SE2d 855) (1978).

The case at bar is not like *Tirado v. Shelnutt*, supra, wherein the trial court erroneously permitted the parties to relitigate the specific factual issue of child molestation. Nor is this case comparable to *Brooks v. Thomas*, 193 Ga. 696 (19 SE2d 497) (1942), wherein the occurrence of an event which had been expressly anticipated in the original decree of divorce was held not to constitute a change of circumstances so as to authorize a modification of the judgment. Rather, this is simply a case where "reasonable" visitation rights were made definite by judicial specification and clarification. There was no abuse of discretion. See *Edwards v. Edwards*, 237 Ga. 779 (2) (229 SE2d 632) (1976); *Shook v. Shook*, supra.

2. The trial court ruled that during the time appellee resides in Germany, his parents may exercise his weekend visitation rights in his stead. Appellant enumerates this ruling as error.

It is clear that the grandparents of a minor child may be awarded visitation rights under appropriate circumstances. OCGA § 19-7-3; *Sachs v. Walzer*, 242 Ga. 742 (251 SE2d 302) (1978). In the instant case, however, the grandparents had not intervened in the proceedings as provided in OCGA § 19-7-3 (c). They were not parties to the action, nor were they otherwise before the trial court. Since they were not properly before the court in any capacity whatsoever, they were not entitled to be granted relief. Cf. *Terhune v. Pettit*, 195 Ga. 793 (25 SE2d 660) (1943); *Johnson Central Service v. Emory Univ.*, 170 Ga. App. 493, 496-497 (3) (317 SE2d 303) (1984); *Gandy v. Brown*, 173 Ga. App. 740 (327 SE2d 850) (1985). Accordingly, the trial court erred in awarding visitation rights to appellee's parents, and that portion of the judgment must be reversed.

3. Appellant also asserts that the trial court erred as a matter of law in ruling that appellee's liability for child support payments would abate during the lengthy summer visitation period. Appellant contends that such abatement was unauthorized, because appellee's pleadings did not include a prayer therefor. However, "[n]o transcript of the evidence introduced at the hearing is presented to us for review on appeal. In the absence of a transcript, we must assume that evidence amended the pleadings under [OCGA § 9-11-15 (b)] and authorized the verdict rendered. [Cits.]" *Jackson v. Jackson*, 243 Ga. 338 (253 SE2d 758) (1979). Compare *Lawrence v. Day*, 247 Ga. 474, 475 (277 SE2d 35) (1981), wherein the evidence adduced at the hearing did not support the judgment of modification.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 30, 1985.

*Barry R. Chapman*, for appellant.
*Elsie Higgs Griner*, for appellee.